### 61. MURPHY *v.* MEACHAM, by next friend.

1. The case depending upon disputed issues of fact arising from conflicting evidence, the settlement of which is solely for the jury, and the verdict having been approved by the trial judge, the judgment of the lower court will not be disturbed.
2. The court has no power to review the finding of the jury because their verdict is claimed to be excessive, unless it appear that their finding was due to prejudice or bias, or was influenced by corrupt means.
3. It is not error to refuse a request to charge, unless the request presented is aptly adjusted to the evidence. The court is not bound to give in charge requests which, though abstractly correct, are not fairly adjusted to the case on trial. *Smalls* v. *State*, 99 *Ga.* 26.
4. Nor is it error to refuse a new trial based on the extraordinary ground of newly discovered evidence, where it plainly appears that ordinary diligence could have secured the testimony at the trial.

Action for damages, from city court of Richmond county— Judge Eve. August 13, 1906.

Submitted February 5,—Decided February 8, 1907.

*J. J. Zachry,* for plaintiff in error. *B. B. McCowen,* contra.

RUSSELL, J. Meacham, by his next friend, brought an action in the city court of Augusta against George S. Murphy, to recover

·damages for an injury which he alleged resulted to him by the negligent running of the defendant's automobile. It appeared on the trial that there was a conflict as to some portions of the evidence, but the general current of the testimony fully authorized the verdict of the jury, which awarded $500 damages to the plaintiff, The defendant filed his motion for new trial, which was amended before the hearing, so as to include grounds of complaint that the ·verdict was excessive, and that the court erred in refusing certain written requests to charge. Movant also asked a new trial upon the ground of newly discovered testimony. The evidence was for the consideration of the jury alone, and we are not empowered to say that their finding was excessive. The requests to charge which the court refused were none of them adjusted to the evidence; and the evidence adduced as a counter-showing to the testimony offered in support of the grounds of newly discovered evidence fully authorized the trial judge to refuse a new trial upon that ground.

The first request to charge was in these words: "I charge you further that if plaintiff's injuries were caused by an ill-judged attempt to prevent any injury, when if plaintiff had remained quiet the injury would not have occurred, there can be no recovery in this case against the defendant. A person has in general the right to presume that others are endowed with ordinary sense and discretion, and that these characteristics will control their conduct in a natural way, in the face of great danger; and any act of the plaintiff which is not of this description is one for the result of which no recovery can be had; and if plaintiff's act resulted from a rash apprehension of danger which did not exist, and the injury which plaintiff sustained is to be attributed to rashness and imprudence, plaintiff is not entitled to recover from the defendant." The court was not required to give any charge which in any part was erroneous or not adjusted to the facts in any part, and therefore we do not quote the whole of the lengthy request. Suffice it to say that there was no evidence in this case that the plaintiff made any attempt of any kind to prevent the injury. The evidence is undisputed that he remained quiet. And the rule as to ordinary sense and discretion, requested, would have had to be modified to suit the facts of a case like this, where the person referred to was a child of the tender age of eleven.

The second request was in these words: "I charge you that in

order for the plaintiff to recover of the defendant in this case, the negligent driving of the automobile must have been the approximate cause of the injury. If you should find from the facts that the plaintiff was guilty of contributory negligence in driving too near the embankment, or in rushing to the front of the mule, and frightening him in such a way as to cause him to back over the precipice or embankment, the defendant would not be liable." It would have certainly been error to give this request when the undisputed evidence showed that the mule was being quietly driven along the usual beaten track of the road, and did nothing until the appearance of the automobile, when it took fright at the noise made in running it and the blowing of the horn. There was no evidence that the mule was too near the embankment, or that the animal was frightened by anything other than the automobile. To say that anything else was the proximate cause, in view of the evidence, would be ridiculous. Of course if the automobile was being run properly, and not in an unusual manner, the defendant would not be liable merely because the mule was frightened and the plaintiff injured; but this request to charge is not upon that subject. That was one of the questions raised by the evidence, was passed upon by the jury, and no doubt the trial judge instructed them properly with reference to the rights of each party as to the use of the road.

The third request is as follows: "I charge you further, that if the plaintiff exercised ordinary care to avoid any accident, and plaintiff's injuries were received on account of the intervening act of the animal, the damages would be too remote to recover of the defendant in this case. If you should find in this case that the plaintiff drove too near the steep embankment in order to avoid threatened danger, and in order to prevent such danger acted in an ill-judged and imprudent manner, the defendant would not be liable." This request was subject to the objections mentioned as to both of the two former requests, and was properly refused by the trial judge. Upon careful review of the record, we are constrained to say that we find no error of law assigned which would authorize interference by this court. The determination of the truth of the transaction being exclusively the province of the jury, we need only remark that their finding was fully authorized; and the evidence, knowledge of which was acquired at the trial,

could have been sooner obtained, if the defendant's interest in the case had been as great before the trial as after the verdict against him.                    *Judgment affirmed.*