### 6238, UNDERDONK & PITTS *v.* JESTER.

BROYLES, J. 1. The court did not err in overruling the demurrer.

2. Where a contract is entered into by A and B, which stipulates, that A leases to B a "combination coat and hat fixture" with spaces for advertising cards; that B is to secure orders and fill up the advertising spaces in the fixture, at a cost of $3 per card for each space per year for his services and the use of the fixture, the advertising cards to be furnished free of cost by A, and all spaces to be sold within thirty days after the fixture is received at B's store; that B is to collect all money for the sale of spaces and remit to A on receipt of the cards properly printed; that the fixture is to remain the property of A; and that if at any time, for any reason, B fails to comply with this contract, A. has the absolute right and privilege to fill the advertising spaces himself, or to remove the fixture from B's store without process of law: *Held,* that, as the contract is silent as to what compensation, if any, B is to receive for allowing the fixture to remain in his store, where he fails to secure orders and fails to fill up the advertising spaces in the fixture within the specified thirty days, evidence is admissible to show a parol agreement between A and B as to this contingency; and

testimony as to statements on this point, made by the agent of A to B at the time the contract was entered into, are admissible, where there is evidence to show that B failed to secure the contracts within the specified time, and that A exercised his option of himself filling the spaces with advertising matter, but did not remove the fixture from B's store, and that it remained there for three or four months, when B removed it and stored it in his basement.

3. While, under section 5829 of the Civil Code, upon proof that a paper is lost, secondary evidence as to its contents is admissible, the mere statement of a party that a paper "is lost" is nothing but a conclusion of the witness, and, in the absence of testimony as to any search for the missing paper, or other facts to support his conclusion, such secondary evidence, on timely objection, should be rejected. Anglo-American Co. *v.* Cannon, 31 Fed. 313 (4) ; *Louisville & Nashville R. Co.* v. *Burns*, 12 *Ga. App.* 576 (77 S. E. 913).

4. The appellate division of the municipal court erred in overruling the motion for a new trial.　　　　　　　　　*Judgment reversed.*

DECIDED JANUARY 6, 1916.

Complaint; from municipal court of Atlanta. December 10, 1914.

*P. C. McDuffie,* for plaintiffs in error.　*E. V. Carter Jr.,* contra.