## 7536. SEABOARD AIR-LINE RAILWAY *v.* VAUGHN.

1. In the brief of counsel for the plaintiff in error no reference is made to the assignment of error based upon the ruling on the demurrer; and therefore this will be treated as abandoned.

2. (*a*) In several of the grounds of the motion for a new trial error is alleged on the refusal of the court to allow a witness to be asked certain questions. Before such refusal will be held to be error, it must appear what answers were expected, and that the trial judge was informed thereof at the time the questions were propounded. (*b*) Others of the grounds were rendered "spineless" by the qualifications and explanations of the judge in his approval thereof. (*c*) Still other grounds alleged that the verdict was against certain portions of the charge. This is equivalent to a complaint that the verdict was contrary to law; and "such an exception does not present for decision any legal question." (*d*) There is no merit in any of the grounds of the motion for a new trial.

3. The evidence abundantly authorized a finding for the plaintiff; and, though the verdict may be "large and generous," this court does not feel authorized, under the law, to set aside the verdict on the sole ground that it is excessive, there being nothing in the record to indicate prejudice or bias on the part of the jury, and the verdict having been approved by the trial judge.

4. Although there is no reason for the grant of a new trial in this case, this court, exercising the discretion vested in it, declines to award ten per cent. damages against the plaintiff in error, as requested by the defendant in error.

DECIDED FEBRUARY 16, 1917.

Action for damages; from city court of Americus—Judge Harper. April 17, 1916.

*E. A. Hawkins,* for plaintiff in error.

*Shipp & Sheppard,* contra.

BLOODWORTH, J. Defendant in error, S. E. Vaughn, showed, by his petition, that he was employed by the Seaboard Air-Line Railway, in the capacity of engine and tender carpenter at the round-house in Americus; that while in the discharge of his duty as such carpenter he went under the tender of an engine to do some repair work on the safety chain attached to the brake-beam, near the rear trucks of the tender, and while engaged in this work the engine was moved by the hostler and his left hand was caught under one of the rear wheels, and his thumb and first finger were mashed off, that the flesh on the palm was mashed open and all the left hand and wrist mashed, and that one of the bones in his right arm was fractured; that he suffered excruciating pain and would continue to suffer; and that his injuries were permanent and his earning capacity was totally destroyed. Defendant denied all liability. The trial resulted in a verdict for the plaintiff for $15,000. The evidence of the plaintiff shows, that at the time of the accident he was fifty-one years old and was in perfect health; that he

earned by his work for the road $100, and by outside work $50, monthly; that in addition to his pain and suffering, which still continued, he lost the thumb and index finger of his left hand, which was "crushed all to pieces;" that his right arm also was injured; that he was not able to use his left hand for any purpose, "not a thing in the world;" that his hand remained tender, and he could not bear to touch anything, and that he could not sleep without keeping the hand saturated with alcohol so as to relieve the pain; that he could not use his right arm any more—"not to amount to anything." Dr. J. W. Chambliss testified, that some two or three months after the injury the plaintiff came to him complaining that he was not able to use his arm at all. He further testified that the fingers which remained on the hand of plaintiff were in a stiffened condition; that "when the thumb and finger were gone the remaining fingers can not hold anything at all; it makes his hand useless;" that the injury was of such character, so far as carpenter or mechanical work was concerned, as to make the hand remain hopeless, and that the future condition of his hand would probably remain the same. A. C. Guy testified, that plaintiff had not been able to do any work since the injury, and that after he came from the hospital he said his right arm was hurt, that something was the matter with the elbow and he could not use a hoe or saw. Dr. R. E. Cato, who was sworn for the defendant, testified, that he was surgeon for the Seaboard Air-Line Railway, and took off the finger and thumb of the plaintiff, and that he examined him at the time to see if there were other injuries, but found none; that he examined the plaintiff's right arm and found no injury to it at all. Dr. F. L. Cato testified, that he was a brother to Dr. R. E. Cato, was a practicing physician, and assisted in taking off the thumb and finger of the plaintiff; that some time later, the plaintiff, in company with an insurance agent, came to him to examine the plaintiff's right arm, and that he found no injury to that arm and there was not anything the matter with the condyle.

1. From the above it will be seen that the evidence is somewhat conflicting as to the injury to the right arm, but it was within the province of the jury to believe the evidence for the plaintiff, and, if this evidence is true, then both arms of the plaintiff are practically useless and his earning capacity, according to his tes-

timony, almost entirely gone. While the verdict may seem large, yet, under the law, "the question of damages being one for the jury, the court should not interfere, unless the damages are either so small or so excessive as to justify the inference of gross mistake or undue bias." Civil Code, § 4399. In the case of *Murphy* v. *Meacham,* 1 *Ga. App.* 155 (57 S. E. 1046), the second headnote is as follows: "The court has no power to review the finding of the jury because their verdict is claimed to be excessive, unless it appear that their finding was due to prejudice or bias, or was influenced by corrupt means." Section 6087 of the Civil Code is as follows: "The presiding judge may exercise a sound discretion in granting or refusing new trials in cases where the verdict may be decidedly and strongly against the weight of evidence, although there may appear to be some slight evidence in favor of the finding." "Thus the judge of the superior court has by law conferred upon him the discretionary power to grant a new trial where the verdict is contrary to evidence and the principles of justice and equity, or is decidedly and strongly against the weight of the evidence; and it is his duty to exercise a sound discretion, and to grant new trials where it should be done. A court of errors has not the same discretionary power conferred upon it in this regard. When a case comes before the Supreme Court, after the refusal of a new trial by the judge of the superior court, it comes not only with the presumption in favor of the verdict of the jury, but also stamped with the approval of the presiding judge, after a consideration of the evidence and the verdict and the use of the discretionary power of review which the law confides to him as a right, and imposes upon him as a duty. Thus we are confronted with the question, not as one of primary discretion, but as to whether the trial judge has abused his discretion in approving the verdict, and whether there is any evidence sufficient to support it, or whether this court can say that the damages are so excessive as to authorize an inference of gross mistake and undue bias, in spite of the verdict and in spite of its approval." *Southern Ry. Co.* v. *Brock,* 132 *Ga.* 858, 863 (64 S. E. 1083). There is nothing in the record to authorize us to say that the verdict in this case is the result of prejudice or bias, unless it be the size of the verdict itself; and as this is not necessarily so large as to "shock the moral sense," or to authorize us to say that the jury was not impartial,

or that the verdict was the result of "gross mistake and undue bias," we must let it stand. See *Realty Bond & Mortgage Co.* v. *Harley*, ante, 186 (91 S. E. 254).

2. The headnotes as to the other assignments of error "speak for themselves."

  *Judgment affirmed. Broyles, P. J., and Jenkins, J., concur.*