### 30789. ATLANTIC GREYHOUND CORPORATION *v.* AUSTIN.

DECIDED APRIL 3, 1945.

*Gambrell & White, G. A. Johns,* for plaintiff in error.
*Joseph D. Quillian,* contra.

PARKER, J.   John Austin sued Atlantic Greyhound Corporation for damages. He alleged that on a named date he purchased a ticket at the defendant's bus station entitling him to transportation on its bus from Athens to Winder, Georgia; that upon exhib-

iting his ticket to the agent and servant of the defendant in charge of and driving its bus, he was refused permission to board the bus, and was told publicly by the agent and servant of the defendant, while acting within the scope of his employment, that he was drunk and must stand aside, but would be permitted to get on the bus later; that the driver then got on the bus and shut the door and drove off leaving him in Athens. He alleged further that on the occasion in question he was sober but was very sick, was scarcely able to be up, and was compelled to hire a taxicab to carry him to Winder at an expense of $5; and that the defendant's refusal to admit him on said bus held him up to public contempt, hatred, and ridicule, humiliating, embarrassing, injuring, and damaging him, and that he suffered actual physical pain and sickness as a result of said treatment. He alleged that he was without fault or blame in the matter, and prayed for damages in the sum of $1000.

The defendant answered, denying all liability to the plaintiff, and denying that its bus driver accused him of being drunk, and alleged that when its bus arrived at Athens and began to discharge its passengers for a rest stop, the plaintiff sought to board the bus and was requested by the driver to stand back and wait until all the passengers had been discharged, and was told that new passengers would be taken on at the conclusion of the rest stop; and "that at the conclusion of the rest stop when the passengers reboarded said bus plaintiff did not present himself for transportation." The defendant also alleged that at the time of the occurrence "there was in full force and effect a reasonable regulation by the company, adopted for the safety, health, and comfort of its passengers, which prohibited the transportation of intoxicated persons," and that "at the time he presented himself for transportation plaintiff was under the influence of liquor and in no condition to travel by bus." The case was tried and a verdict was returned in favor of the plaintiff in the sum of $500. A motion for new trial was filed by the defendant and later amended by the addition of three special grounds. The court overruled the motion as amended, and the exception is to that judgment. The trial judge has given this court the benefit of his views respecting the motion for new trial by citing in his order some of the cases he had in mind relating to the questions involved. We commend this practice.

■ The first special ground of the motion complains of the charge relating to punitive damages. The plaintiff did not pray for punitive damages as such in his petition, but such a prayer was not necessary. "In order for the jury to assess punitive damages in an action for a tort, it is not necessary that they shall be claimed, eo nomine, in the declaration. It is enough that the facts alleged and proved be such as to warrant the assessment." *Savannah, Florida & Western Ry. Co.* v. *Holland,* 82 *Ga.* 257 (4) (10 S. E. 200, 14 Am. St. R. 158). This court has held that if the refusal of a railroad company to contract for carriage to a point on its line designated by the railroad commission as a station for the reception and discharge of passengers, "is wilful and intentional, or is otherwise accompanied by actual bad faith on the railroad company's part, the actual damages sustained may be enhanced by the addition of punitive damages and attorney's fees." *Georgia Railroad & Bkg. Co.* v. *Greer,* 7 *Ga. App.* 292 (66 S. E. 961). That ruling is analogous to the situation presented in this case. The plaintiff had purchased a ticket but claimed he was wrongfully denied the privilege of using it. Upon a consideration of all the testimony introduced, we are constrained to hold that there was sufficient evidence to authorize the charge on the subject of punitive damages, and that this ground of the motion is not meritorious. See *Southern Ry. Co.* v. *Phillips,* 119 *Ga.* 146 (45 S. E. 967), and cit. Also, *Southeastern Greyhound Lines* v. *Suits,* 55 *Ga. App.* 371 (190 S. E. 417).

■ The second special ground complains of the introduction in evidence, over the defendant's objection, of a check the plaintiff testified he gave to his doctor in Athens for medical services on the day of the occurrence. This ground of the motion recites that the objection to the evidence was that it was "irrelevant and immaterial," and no other objection appears. As was said by this court in *Atlanta Enterprises* v. *James,* 68 *Ga. App.* 773, 775 (24 S. E. 2d, 130), "It has been repeatedly ruled that an objection that evidence is 'irrelevant and immaterial' is insufficient." Furthermore, it is not reversible error to admit evidence that is merely irrelevant and immaterial; it must be harmful to be cause for a new trial. "The admission of immaterial or irrelevant testimony, where not shown to be harmful, is not sufficient reason for the grant of a new trial." *Brooks* v. *Sims,* 54 *Ga. App.* 71, 79 (187 S. E. 254), with numer-

ous citations. The evidence objected to may have tended to corroborate the plaintiff's testimony, and certainly it was not harmful or prejudicial to the defendant, and the court did not err in admitting it.

■ The third special ground contends that the verdict is excessive. Though the verdict may be "large and generous," we do not feel authorized to set it aside on the sole ground that it is excessive, there being nothing in the record to indicate prejudice or bias on the part of the jury, and the verdict having the approval of the trial judge. *Seaboard Air-Line Ry. Co.* v. *Vaughn,* 19 *Ga. App.* 397 (3) (91 S. E. 516). "The court has no power to review the finding of the jury because their verdict is claimed to be excessive, unless it appear that their finding was due to prejudice or bias, or was influenced by corrupt means." *Murphy* v. *Meacham,* 1 *Ga. App.* 155 (2) (57 S. E. 1046). This court does not have as broad discretionary powers as are conferred on trial judges in setting aside verdicts as excessive. When a case comes before this court, after the refusal of a new trial by the presiding judge, it comes not only with the presumption in favor of the verdict, but also stamped with the approval of the judge who tried the case, and where no prejudice or bias or corrupt means in reaching the verdict appear, we are not authorized to set it aside as being excessive. See *Southern Ry. Co.* v. *Brock,* 132 *Ga.* 858, 862 (64 S. E. 1083), and *Georgia, Southern & Florida Ry. Co.* v. *Ransom,* 10 *Ga. App.* 558 (73 S. E. 858).

■ There was ample evidence to support the verdict, and there being no error of law, the general grounds of the motion for new trial are without merit and the court did not err in overruling it.

*Judgment affirmed. Sutton, P. J., and Felton, J., concur.*