## 32180. HILL v. KIRK.

GARDNER, J. Herbert Kirk sued Scott Hill for damage which the defendant did to the plaintiff's car. The case was tried before a judge of the Civil Court of Fulton County, who passed upon the law and facts, without a jury. Judgment was rendered in favor of the plaintiff against the defendant for $300. An amended motion for a new trial was filed, which was overruled. The petition alleged as acts of negligence: that the defendant was going west on Cain Street and the plaintiff was going north on Courtland Street; that the plaintiff was passing the intersection on a go signal, or green light, and had passed beyond the center of the intersection; that the defendant, while under the influence of intoxicating liquors in violation of a State law, was operating his car, and that he passed into Courtland Street in violation of a stop signal, a red light, in violation of a city ordinance, and further in violation of another city ordinance, that is, in operating his car more than 25 miles per hour, to wit, over 35 miles per hour, and in further violation of a city ordinance, in operating his car at a speed which would endanger the life and property of others by not driving it in a more safe and cautious manner. There was ample evidence to sustain each allegation of negligence (although the answer of the defendant and his evidence were in conflict). This was a question of fact determined against the defendant. So far as the general grounds are concerned, they have no merit.

As to the special grounds, it is urged, first, that the verdict for $300 was without evidence to support it. This is but an elaboration of the general grounds, and is without merit.

The second ground assigns error because the plaintiff was allowed to testify, over objections, that he could not tell how fast the car which the defendant was driving was coming because the only thing he saw was the headlights approaching, and he heard the noise, but did know that it was going well over 35 miles per hour. The objection urged was that this was a conclusion. We do not think so. It was an opinion of the witness based on his knowledge of driving cars. Moreover, there was other evidence, that is, the circumstances of the cars, their location, and other evidentiary facts testified to by the traffic officers of the city who observed the scene and the position of the cars, that would substantiate the fact that the car was being operated, so far as speed was concerned, in violation of the city ordinance. This ground has no merit.

The third special ground is based on the contention that the court erroneously, over objections, permitted the plaintiff to testify that he did not know exactly what the damage done to his car was, that he had a mechanic present who would testify as to that, but that he could and the court permitted him to describe the physical condition of the car caused by the impact, as follows: the back had to be welded, the wheel was damaged, the glasses on all sides and all the way around were damaged, the seat was knocked out of the normal position, the fender was bent completely under the car, and the back fender was bent into the tire. Error is assigned on this ruling, to the effect that the plaintiff could not testify as to these physical facts caused by the impact,

for the reason that he did not know what the damage was. We think that this ground has no merit.

The fourth special ground assigns error because the mechanic, Wesley Roberts, who repaired the car, was allowed, over objections, to testify that it cost $250 to $260 to repair the car, and further that, from his experience in buying and selling cars of a similar model, the market value of the car was $700 to $725 before the damage was done, and that the car was damaged at least $300. It is urged that this testimony was erroneously admitted, for the reason that the witness had testified that he did not see the car before the impact, and therefore could not testify as to its value before it was damaged. This witness qualified as an expert. He actually repaired the car. He was not only a mechanic, but he had long experience in buying and selling cars of this type and model. It is obvious that there is no merit in this contention. The defendant cites in support of his contention as to the speed of the car *Underdonk* v. *Jester*, 17 *Ga. App.* 419 (87 S. E. 680); and as to the testimony of Kirk regarding the market price of the car before and after the alleged damage, *Cornelia Planing Mill Co.* v. *Wilcox*, 129 *Ga.* 522 (59 S. E. 223), and *Studstill* v. *Bergsteiner*, 25 *Ga. App.* 405 (103 S. E. 691). None of these cases is contradictory to the principles of law hereinabove announced. See, in this connection, *Weathers Bros.* v. *Jarrell*, 72 *Ga. App.* 317 (33 S. E. 2d, 805), to the effect that the amount of a repair bill is proper evidence to be considered in arriving at the difference between the market value of the article before and after the damage. See also *Cohn* v. *Rigsby*, 60 *Ga. App.* 728 (5 S. E. 2d, 93). And as to the measure of damages, it is the difference between the market value of the vehicle before and after the damage. *Mitchell* v. *Mullen*, 45 *Ga. App.* 282 (164 S. E. 276).

The fifth special ground is but an elaboration of the general grounds, to the effect that the judgment of $300 is without any evidence to support it. We have covered this point.

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*

Decided November 13, 1948. Rehearing denied December 15, 1948.

*C. G. Battle*, for plaintiff in error. *James L. Flemister*, contra.