39843. ATLANTA METALLIC CASKET COMPANY et al.
v. HOLLINGSWORTH.

D<small>ECIDED</small> A<small>PRIL</small> 10, 1963.

Haas, Dunaway, Shelfer & Haas, George A. Haas, for plaintiffs in error.

BELL, Judge. ■ Special ground 1 urges that there are those times when, through a lack of understanding of the issues, or because of gross mistake, or for purely emotional reasons unrelated to the evidence, the jury may award damages in an amount so fantastically excessive and so completely unwarranted that simple justice demands a new trial. It is said that the verdict here is one of those. This verdict, it is suggested, is so grossly excessive as to shock the conscience and to justify the inference of undue bias.

In ruling on this ground we think it would suffice to point out that this case was tried before, and the motion for a new trial was heard by one of our State's most proficient superior court judges, whose judicial conscience, an exemplar, obviously was not shocked by the verdict.

There is, in the brief of evidence, testimony showing pain and suffering brought on by a physical injury occasioned by the negligence of the defendants. The award of damages for this element under the Georgia Code and numerous decisions is exclusively for the jury to determine. "Though the verdict may be 'large and generous,' we do not feel authorized to set it aside on the sole ground that it is excessive, there being nothing in the record to indicate prejudice or bias on the part of the jury, and the verdict having the approval of the trial judge. Seaboard Air-Line R. Co. v. Vaughn, 19 Ga. App. 397 (3) (91 SE 516). 'The court has no power to review the finding of the jury because their verdict is claimed to be excessive, unless it appear that their finding was due to prejudice or bias, or was influenced by corrupt means.' Murphy v. Meacham, 1 Ga. App. 155 (2) (57 SE 1046). This court does not have as broad discretionary powers as are conferred on trial judges in setting aside verdicts as ex-

cessive. When a case comes before this court, after the refusal of a new trial by the presiding judge, it comes not only with the presumption in favor of the verdict, but also stamped with the approval of the judge who tried the case, and where no prejudice or bias or corrupt means in reaching the verdict appear, we are not authorized to set it aside as being excessive." *Atlantic Greyhound Corp. v. Austin,* 72 Ga. App. 289, 292 (3) (33 SE2d 718); and see *Fields v. Jackson,* 102 Ga. App. 117, 119 (1) (115 SE2d 877).

The trial judge did not err in overruling special ground 1 of the motion for new trial.

■ Special ground 2 complains of the admission over objection of the following testimony of the plaintiff: "Q. And why, Sir? And why haven't you, Sir? A. Because I haven't been able to work."

We find in the brief of evidence other testimony of the plaintiff which is that, "I have not earned any money since the injury because I haven't been able to work." Further, Dr. F. B. C., in response to a question asked on direct examination, testified that plaintiff ". . . said he couldn't work because he couldn't stand on his feet," and again on redirect examination reiterated that plaintiff ". . . said he couldn't work because he couldn't stand on his feet." No objections were made to any of this testimony, all of which in effect is the same as that decried as erroneous in the motion for new trial.

It is not error for a trial court to overrule a ground of a motion for new trial where evidence of like nature, or to the same effect as that objected to, has been admitted without objection. *Louisville &c. R. Co. v. Lovelace,* 26 Ga. App. 286 (3) (106 SE 6); *Exchange Bank of Savannah v. Pate,* 41 Ga. App. 1, 3 (2) (151 SE 823); *Lowe v. Athens Marble &c. Co.,* 104 Ga. App. 642 (1) (122 SE2d 483); *Savannah Electric Co. v. Crawford,* 130 Ga. 421 (4) (60 SE 1056); *County of Butts v. Hixon,* 135 Ga. 26, 27 (2) (68 SE 786).

The trial court did not err in overruling special ground 2 of the amended motion for new trial.

■ Ground 3 of the motion for new trial contends that the court erred in admitting, over objection, the following testimony of

Charles Hollingsworth, the plaintiff's son: "Q. Now, what has been the difference in your father's appearance, Charles, since June 27, 1957, and his condition prior to that as to his physical appearance, his weight, his color, and his general demeanor, general manner and looks? A. He seems to have gone down."

The motion shows that the defendant objected to the testimony at the trial on the ground that the answer constituted a conclusion on the part of the witness and that it was not responsive to the question asked. When the objection states no more than that the evidence offered is a conclusion, the objection is so vague and general that it is not error for the court to overrule it and admit the testimony. *Atlantic C. L. R. Co. v. Godard,* 211 Ga. 373, 379 (86 SE2d 311); *West Lumber Co. v. Schnuck,* 85 Ga. App. 385, 388 (69 SE2d 577); *Wood v. State,* 79 Ga. App. 228, 229 (53 SE2d 497). Moreover, there is no merit in this ground, as there is evidence in the record showing that this witness, the plaintiff's son, knew the plaintiff well and saw him frequently before and after the injury. A proper foundation was thus laid for this witness to testify as he did. See *Georgia R. &c. Co. v. Gilleland,* 133 Ga. 621 (3) (66 SE 944); and *Hughes v. Weaver,* 39 Ga. App. 597 (2a) (148 SE 12). The statement is not a mere conclusion or a mere opinion, but rather it is the witness's factual impression of the plaintiff's general physical appearance before and after June 27, 1957. However ineptly expressed it may have been, it was based upon repeated opportunities to observe the plaintiff's general physical appearance and demeanor before and after the stated date, and it was admissible. See *Atlantic C. L. R. Co. v. Smith,* 107 Ga. App. 384 (130 SE2d 355). Clearly, the answer was responsive.

■ Ground 5 charges the court with error in refusing to give in its precise language a request to charge to the effect that damages "traceable in some measure" to defendant's wrongful act but "resulting chiefly from other and contingent circumstances" are too remote to be the basis of recovery. The request follows almost exactly the language in *Central of Ga. R. Co. v. Dorsey,* 116 Ga. 719 (1) (42 SE 1024), which is followed and quoted in *Western &c. R. Co. v. Jackson,* 21 Ga. App. 50, 57 (93 SE 547).

The language in those cases concerning damages which were

"traceable in some measure to an alleged wrongful act of the defendant, but resulted chiefly from other and contingent circumstances" referred to damages claimed by the plaintiff for fright or for injury to feelings occasioned by events, unforeseeable to the railroad, occurring after the plaintiff had disembarked after being transported beyond her scheduled destination. In the present case the plaintiff attempts to recover only damages resulting directly from being hit by the defendant's truck. The court charged that the plaintiff could only recover for damages which resulted from the collision complained of and which did not result from any other causes. The language of the requested charge, while pertinent and appropriate to the *Dorsey* and *Jackson* cases, was not adjusted to the facts and issues in this case so as to make it mandatory that the court give it in addition to another charge covering the general principle.

A request to charge must be perfect in form, correct and accurate, and adjusted to the pleadings, the law, and the evidence. *Childers v. Ackerman Const. Co.,* 211 Ga. 350 (86 SE2d 227). The requested charge excluded does not meet this test.

■ No error requiring a new trial is shown in grounds 6 and 7, which complain that the trial court refused to permit a witness for the defendant, Newberry, to testify that he had observed the night before that there were no signs in the vicinity of the accident indicating a speed limit of 30 miles per hour, but there was one sign indicating a speed limit of 35 miles per hour. The trial judge correctly ruled that the presence or absence of speed limit signs at the time of the trial had no bearing on the issue of the speed limit or signs at the time of the accident which occurred approximately 4½ years earlier. Hence, the offered testimony was not admissible for the purpose of impeaching the plaintiff's witness who had testified that there were 30-mile speed limit signs near the site at the time of the accident.

The defendant contends also that Newberry's testimony should have been admitted for the purpose of being connected with the defendant Bishop's testimony. Bishop testified that he had been on the road the Friday night preceding the trial and as far as he could tell the signs were the same as they were in 1957. The theory urged is that this coupling of testimony would prove that

there was no 30-mile speed limit sign at the time of the accident. This conclusion does not necessarily follow from Bishop's and Newberry's testimony, as Bishop said nothing about any speed signs being present in 1957; his testimony was merely that the site of the accident was in the city limits and the speed law was 35 miles per hour. Moreover, Bishop testified that he was driving between 25 and 30 miles per hour. The plaintiff contended that he was driving far in excess of 35 miles per hour. Therefore, the defendant was not harmed by the rejection of Newberry's testimony even if it could have disproved a 30-mile speed limit.

6. Special ground 8 assigns error on the court's charge on recovery for reasonable medical expenses. In his petition the plaintiff sought only "$75 in doctor bills and for medication." The defendant contends that the only evidence on plaintiff's medical expenses—plaintiff's testimony as to what Dr. Clark had charged him that, "I don't know exact, but probably $60"—had no probative value and was insufficient to authorize the charge.

While an unqualified answer that the witness "does not know" amounts to no evidence, *State Hwy. Dept. v. Worley & Co.*, 103 Ga. App. 25 (5) (118 SE2d 298), this is not true where the witness, although attempting to qualify his statement or show a doubtful state of mind, nevertheless gives positive testimony, such as that he "does not know exactly but thinks" a certain thing. *Grant v. Dannals*, 87 Ga. App. 389 (1) (74 SE2d 119); *Thornton v. King*, 81 Ga. App. 122 (58 SE2d 227); *Ellison v. Evans*, 85 Ga. App. 292 (69 SE2d 94); *Hill v. Kirk*, 78 Ga. App. 310 (50 SE2d 785). It was early stated: "Greater latitude ought to be allowed in our Courts, for the introduction of testimony; and all frivolous and captious objections, should be discountenanced. It is not sufficient to exclude the testimony of a witness who swears that 'the impression resting on his mind, was so and so,' as every witness must swear according to the impressions on his mind, which are the materials of his knowledge, and this is only a more cautious mode of expressing himself." *Franklin v. Mayor &c. of Macon*, 12 Ga. 257. Slight evidence will authorize a charge on an issue made by the pleadings. A witness may testify to an impression if it be derived from recollection;

what he cannot do is testify to a belief founded on hearsay or from his own inference based on other facts. *Marshall v. Pierce*, 136 Ga. 543 (3) (71 SE 893).

In *Baker v. Goddard*, 205 Ga. 477 (53 SE2d 754), cited by the defendant, it was held that the sole evidence offered on the issue of agency between the defendant and the driver of the defendant's truck—the testimony of the witness, "Jiggerboo" Smith, that, "I know that he worked for him—that's what I thought"—was not sufficient to present an issue of agency. This decision is not applicable to the present case. Here, the plaintiff testified as to his recollection of the amount of Dr. Clark's charges, and the credibility of his testimony was for the jury. This evidence and the evidence concerning Dr. Clark's attendance of the plaintiff was sufficient to authorize the charge on recovery for medical expenses incurred and the reasonableness thereof.

■ Special grounds 9, 10, and 11 each respectively attack the sufficiency of evidence regarding the plaintiff's earning capacity, either before or after his injury, to support the trial court's charges on: (1) the plaintiff's right to recover for impairment of his earning capacity—ground 9; (2) the use of the Carlisle Mortality Table—ground 10; and (3) plaintiff's right to recover for loss of earnings up to time of trial—ground 11.

The plaintiff's testimony was that before his injury he worked 5 to 7 days a week; he "figured" he made around $5 to $6 a day from his enterprise of selling produce; he didn't keep any record of it. To a question on cross-examination as to whether his estimate of $5 a day was "just a sort of guess," the plaintiff responded, "That is right, I don't know definite." His testimony as a whole expressed his estimate based on his experience. Perhaps the defendants could have elicited on cross-examination factors reflecting on the soundness of the plaintiff's judgment in estimating his earnings, but as it was, nothing was brought out except that his statement was an estimate rather than a definite amount. The discussion by Judge Powell in Division (1) of the opinion in *National Refrigerator &c. Co. v. Parmalee*, 9 Ga. App. 725, 726 (72 SE 191), is applicable to this case.

To authorize a charge on loss of earning capacity there must be evidence from which the jury can arrive at, estimate, or rea-

sonably infer a pecuniary value for the loss. *Hunt v. Williams,* 104 Ga. App. 442 (122 SE2d 149). In this case there is such evidence: the plaintiff's testimony set out above and his testimony that he had not earned any money since the injury because he had not been able to work; evidence as to the work he was physically able to do before the injury and his physical disability thereafter; medical testimony to the effect that at least a part of his disability was due to the injuries he received from being hit by the defendant's truck and that his disability would last him "for the rest of his days."

While the medical testimony is conflicting, the respective doctors expressed high opinions of each other. The contradictory evidence merely presented issues for the jury to resolve.

The present decision is consistent with the decision in *Hunt v. Williams,* 104 Ga. App. 442, supra. In that case we recognized that proof of *actual* earnings either before or after the injury is not essential, but held that in the absence of any evidence from which the jury could arrive at a pecuniary value for the plaintiff's earning capacity before her injury, though she may have had none thereafter, a charge on loss of earning capacity was not authorized. In *Southern R. Co. v. Daniell,* 102 Ga. App. 414 (116 SE2d 529), the reason the evidence did not authorize a charge on loss of earning capacity was that it showed the amount of plaintiff's earnings from both property rentals and carpentering work, and it was impossible to separate from the total earnings the amount of his earnings from his work.

As there is in the record evidence from which the jury could have deduced that the injuries of the plaintiff were permanent and that this caused a material diminution in the future earning capacity of the plaintiff, the trial court correctly instructed the jury on the use of the Carlisle Mortality Tables. *Florida Central &c. R. Co. v. Burney,* 98 Ga. 1 (26 SE 730) ; *Western &c. R. Co. v. Knight,* 142 Ga. 801 (83 SE 943) ; 50 ALR2d 419, et seq.

Since the evidence authorized the court's charges on loss of earnings up to the time of trial, loss of earning capacity, and the use of the Carlisle Mortality Table, it was not error to overrule grounds 9, 10, and 11.

Special ground 4 and the general grounds were abandoned.

The trial judge did not err in overruling the amended motion for new trial.

*Judgment affirmed. Carlisle, P. J., and Hall, J., concur.*