41370. WILSON v. DUNAWAY.

ARGUED JUNE 7, 1965—DECIDED SEPTEMBER 10, 1965.

*W. Stanford Willis,* for plaintiff in error.
*Roberts & Thornton, Jack M. Thornton,* contra.

JORDAN, Judge. Carolyn P. Dunaway brought suit to recover actual and punitive damages against the defendant because of his alleged wilful trespass in causing an automobile owned by the plaintiff to be levied upon and seized under a distress warrant which the defendant caused to be issued against her husband for nonpayment of rent. The jury returned a verdict for the plaintiff in the amount of $70 actual damages and $1,200 punitive damages, and the defendant filed a motion for new trial which was denied. The exception is to that judgment.

1. The defendant in special ground 2 assigned error on the following excerpt from the charge: "A person whose property has been levied on under an execution against another may sue for damages on account of the trespass independently of technical rules controlling cases of malicious use or abuse of legal process and without first filing a claim and obtaining a favorable decision thereon, and in such case it is not necessary to show that levy proceedings have been terminated adversely to the defendant before institution of an action for trespass.

"I charge you that a person whose property has been levied on under an execution against another has a remedy by an action for damages on account of the trespass against those who caused the levy to be made independently of technical rules applicable to malicious use or abuse of legal process."

The court by this charge properly distinguished for the benefit of the jury an action for trespass from an action for malicious use of legal process (*Baldwin v. Davis*, 188 Ga. 587 (4 SE2d 458)); and such charge was not subject to the criticism that "it had the effect of charging the jury that a person whose property has been levied on under an execution against another is entitled to recover in any event and that technical rules should not prevent such recovery." This ground is without merit.

2. Special ground 3, in which it is contended that the trial court erred in refusing to allow the defendant to answer a question propounded to him on direct examination, is too incomplete to require consideration by this court, since the anticipated reply is not set forth in this ground. *English v. Moore*, 29 Ga. App. 307 (114 SE 921); *Rogers v. Condon, Graham & Milner*, 144 Ga. 390 (87 SE 397); *Featherston v. American Nat. Bank of Macon*, 146 Ga. 13 (90 SE 282).

3. Special ground 4 which assigned error on an excerpt from the charge containing a correct, legal and applicable principle of law on the ground that the court erred in not charging another principle of law in connection therewith is without merit. *Garner v. Sharp*, 111 Ga. App. 47 (2) (140 SE2d 511).

4. The defendant in special ground 5 assigned error on the following instruction: "An abuse of or damage done to the property of another is a trespass for which damages may be recovered." It is contended that this was not a correct statement of the law since the court should have charged in the language of *Code* § 105-1703, as follows: "Any abuse of, or damage done to, the personal property of another, *unlawfully*, is a trespass for which damages may be recovered." (Emphasis supplied). It is further contended that this charge was not authorized by the pleadings and the evidence since the action was based upon an interference with the plaintiff's possession

of property, no abuse or damage to such property being alleged or proven.

"It is fundamental that, in considering assignments of error on the charge, the court should look to the entire charge, for while it may seem to be erroneous when torn to pieces and scattered in disjointed fragments, it may, when considered in its entirety, be perfectly sound. *Brown v. Matthews,* 79 Ga. 1, 7 (1) (4 SE 13)." *Matthews v. Smith,* 109 Ga. App. 504 (136 SE2d 457).

Upon viewing the charge as a whole, and particularly, the instructions immediately preceding and following the excerpt complained of, it becomes apparent that the jury was fully and sufficiently informed that this was an action for the *unlawful* interference with plaintiff's possession of property. The court charged: "A tort is the unlawful violation of a private legal right. The owner of personalty is entitled to the possession of that personalty and any deprivation of such possession is a tort for which an action for damages lies. Any abuse of or damage done to the personal property of another is a trespass for which damages may be recovered.

"Now, gentlemen, the word 'trespass' generally involves the idea of force but as used in the Code section that I just read to you, it is employed in a broader sense and comprehends any misfeasance, transgression or offense which damages another person's health, reputation or property."

5. The loss of use of the plaintiff's automobile was a proper element of actual damages (*Jones v. Lamon,* 92 Ga. 529 (4) (18 SE 423)); and the trial court did not err in submitting this item of damages in charge to the jury along with the applicable measure of such damages. *Southern R. Co. v. Stearns,* 8 Ga. App. 111 (68 SE 623); *Lamb v. Landers,* 67 Ga. App. 588 (21 SE2d 321). Special grounds 6 and 7 are without merit.

6. The defendant in special ground 9 assigned error on the following excerpt from the charge: "I charge you, gentlemen, that in a trespass for an illegal levy on property not in possession of the person against whom the execution is issued, it is not necessary to show malice or want of probable cause in order for the plaintiff to be entitled to actual and not exem-

plary damages." This was a proper charge since actual damages sustained because of the trespass are recoverable without proof of malice or lack of probable cause. *Williams v. Inman,* 1 Ga. App. 321 (3) (57 SE 1009). The contention of the defendant that this charge was confusing to the jury "by leading them to believe that they could award exemplary damages under such circumstances," is utterly without merit as the court in this excerpt expressly charged the jury that this instruction pertained to actual and not exemplary damages. Furthermore, the judge in the next sentence of his charge cautioned the jury that "The rule as to whether or not the jury can award exemplary damages is set forth in other portions of this charge."

7. Special grounds 8, 10 and 12 in which error is assigned on various excerpts from the charge dealing primarily with the issue of punitive or exemplary damages, are predicated upon the erroneous assumption of the defendant that the definition of probable cause as contained in *Code* § 105-802 was applicable to this case.

This Code section which provides as follows, "Want of probable cause shall be a question for the jury, under the direction of the court, and shall exist when the circumstances are such as to satisfy a reasonable man that the accuser had no ground for proceeding but his desire to injure the accused," pertains to actions for malicious prosecution or malicious use of legal process and has no application to an action for trespass. *Baldwin v. Davis,* 188 Ga. 587, supra; *Duncan v. Ellis,* 63 Ga. App. 687 (11 SE2d 841). As stated in the *Davis* case, supra, at p. 589, "There is, however, 'a clear distinction between a wrongful seizure of the property of a person under a process against him, and the seizure of the property of a person against whom no process was ever issued.' *Fulton Grocery v. Maddox,* 111 Ga. 260, 265 (36 SE 647). Accordingly, a person not a party to the process, whose property has been levied on thereunder, has his remedy by an action for damages on account of the trespass against those who caused or made the levy, independently of the technical rules applicable to malicious use or abuse of legal process."

While it is necessary in an action for trespass on account of

a wrongful levy of an attachment on the plaintiff's property as the property of the defendant in attachment that the plaintiff in order to recover exemplary or punitive damages show malice or lack of probable cause, or show a wilful and wanton trespass (*C. M. Miller Co. Inc. v. Lunceford,* 54 Ga. App. 21 (11) (186 SE 766)), the issue of probable cause in such case involves the determination of whether the defendant (the plaintiff in attachment) had probable cause to believe that the property was subject to his attachment (*Maxwell v. Speth,* 9 Ga. App. 745, 748 (72 SE 292)), and not the issue of whether the defendant intended to injure any party as in cases of malicious use of legal process.

The trial court correctly charged on "probable cause" as it applied to this action in trespass, and these grounds of the amended motion are without merit.

8. The remaining special grounds in which it is contended that a charge on punitive or exemplary damages was unauthorized by the evidence and that the verdict rendered for punitive damages was excessive will be considered along with the general grounds.

"Where one sues for trespass because the defendant caused process against an outsider to be levied on property which the plaintiff owned and held in lawful possession, in order 'to authorize the imposition of punitive or exemplary damages there must be evidence of wilful misconduct, malice, fraud, wantonness, or oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences.'" *Duncan v. Ellis,* 63 Ga. App. 687 (4), supra.

The evidence in this case authorized a finding that the defendant, prior to having a distress warrant issued against the plaintiff's husband for one month's rent, knew that the automobile levied upon was the property of the plaintiff and not that of her husband, and that when the levying officer appeared to take possession of the automobile, the plaintiff telephoned the defendant and again informed him that the subject property was owned by her and not by her husband, and that the defendant replied, "Well, that's no concern of mine whatsoever." A finding was further authorized that the plaintiff

offered to bring her bill of sale to the defendant's office and exhibit her title, to which offer the defendant responded, "Well, that don't even concern me." The evidence further showed that after the car had been levied on, the plaintiff's husband went to the defendant's office to explain to him that the automobile didn't belong to the husband, and that in this encounter, the defendant informed the husband that he was not interested in whose car it was and ordered the husband to leave his office or he would call the police. The evidence also showed that the levying officer threatened to arrest the plaintiff.

Under these circumstances a finding was clearly authorized that the illegal levy upon the plaintiff's automobile constituted a wilful and wanton trespass for which punitive or exemplary damages were recoverable along with the actual damages shown by the evidence to have been sustained by the plaintiff (a lawyer's consultation fee and compensation for three days loss of use of the automobile). The trial court did not err therefore in submitting the issue of punitive damages in charge to the jury, and in denying the motion for new trial on the general grounds since it cannot be said that the verdict was unauthorized by the evidence.

Nor can it be said as a matter of law that the verdict for punitive damages in the amount of $1,200 was so excessive as to indicate bias, prejudice or mistake. "In determining punitive or exemplary damages it is impossible to lay down any fixed rules for a precise mathematical calculation; 'and in every such case the amount of the finding must be largely in the power of the jury, who have no other guide but their enlightened consciences.'" *City Motor Exchange v. Ballinger*, 110 Ga. App. 496, 497 (138 SE2d 925).

"Though the verdict may be 'large and generous,' we do not feel authorized to set it aside on the sole ground that it is excessive, there being nothing in the record to indicate prejudice or bias on the part of the jury, and the verdict having the approval of the trial judge. *Seaboard Air-Line R. Co. v. Vaughn*, 19 Ga. App. 397 (3) (91 SE 516). 'The court has no power to review the finding of the jury because their verdict is claimed to be excessive, unless it appears that their finding

was due to prejudice or bias, or was influenced by corrupt means.' *Murphy v. Meacham*, 1 Ga. App. 155 (2) (57 SE 1046). This court does not have as broad discretionary powers as are conferred on trial judges in setting aside verdicts as excessive. When a case comes before this court, after the refusal of a new trial by the presiding judge, it comes not only with the presumption in favor of the verdict, but also stamped with the approval of the judge who tried the case, and where no prejudice or bias or corrupt means in reaching the verdict appear, we are not authorized to set it aside as being excessive." *Atlantic Greyhound Corp. v. Austin*, 72 Ga. App. 289, 292 (3) (33 SE2d 718).

The verdict of the jury has been approved by the able trial judge who presided in this case and this court cannot say as a matter of law that he abused his discretion. *Atlanta Metallic Casket Co. v. Hollingsworth*, 107 Ga. App. 594 (1) (131 SE2d 61); *Stynchcombe v. Gooding Amusement Co.*, 110 Ga. App. 864 (140 SE2d 232).

*Judgment affirmed.* *Felton, C. J., and Deen, J., concur.*