12996.    GEORGIA RAILWAY & POWER CO. v. HOWELL.

1. On the trial of an action for damages for personal injuries suffered by a boy from being struck on the head by a trolley-pole hurled from the top of a street-car as he was crossing a public street, a charge to the jury paraphrasing and concretely applying the language of the Civil Code, § 2780, was not susceptible of the construction that in effect it instructed that the only way in which the presumption of negligence arising from proof of the injury by the operation of the car could be rebutted was by making it appear that the agents of the railway company exercised all reasonable care and diligence, and thus excluded rebuttal of the presumption by proof that the injury was caused by the plaintiff's negligence, or resulted from an accident or a cause other than the company's negligence. It appears that the court did explicitly charge that there could be no recovery if the injury was done with the consent or caused by the negligence of the plaintiff, or if in the exercise of ordinary care he could have avoided it. If any evidence given could possibly so far support a theory of accident as to render appropriate an instruction thereon without a request therefor, the charge excepted to was not erroneous in failing to state such theory as defeating a right of recovery. And as the evidence showed that the car equipped with the trolley-pole was being operated at the time of the injury, the language of the charge relating to machinery was not inappropriate.

2. An inadvertent use of the word "and" instead of "or," in an instruction based on section 2781 of the Civil Code, having been immediately and in the same connection corrected by using the disjunctive "or" in language following that of the statute, the result was to remove any prejudicial effect of the inadvertence.

3. Where general as well as special damages were sued for, and the items of general damages were supported by proof, it was not error to give in charge the law of general damages, as stated in the code.

4. A charge that " if you believe he is entitled to recover for mental pain or physical pain or both those inflictions, if they exist, which may have come upon him by reason of the wrongful conduct, if you find the defendant is liable, then say what would be, in your conscience, a reasonable compensation for them," was not subject to the objections that it contained an expression of opinion that any pain of the plaintiff resulted from the defendant's wrongful conduct, and an instruction that the plaintiff could recover damages from pain arising from other than the natural and probable results of the defendant's negligence. Especially is this so in view of the giving in charge of sections 4509 and 4510 of the Civil Code, and of the language of the charge immediately following that excepted to.

5. In view of the charge given, the complaint that nowhere did the court " instruct the jury that the defendant could avoid a recovery on the part of the plaintiff by proof that it exercised ordinary care in connection with the transaction that resulted in plaintiff's injury " is not sustainable.

6. Testimony, in answer to the question whether the witness had noticed anything out of the ordinary in the manifestation of the plaintiff's mental condition, that " after concentrating on figures there is a peculiar twitching of the eyes and fingers," was not objectionable as a conclusion of the witness.

7. A physician, testifying as an expert, having been asked whether the plaintiff, in the examination of him before the trial, gave " any evidence of being a malingerer," and having answered in the negative, the testimony was not objectionable as irrelevant and as a conclusion of the witness.

8. Testimony of a physician introduced by the defendant, that on the former trial of the case physicians had testified for the plaintiff that the x-ray disclosed evidence of callus under the alleged piece of skull fracture, and that they had admitted on the present trial that they were incorrect, while the witness was correct, failed to meet the statutory provisions as to impeachment, and was properly excluded.

9. The remaining assignments of error are without merit. The verdict for $12,500 on the second trial (that on the former trial having been for $14,000), being authorized by the evidence, and having the approval of the trial judge, cannot be set aside as excessive or as without support in the evidence.

DECIDED JULY 24, 1922.

Action for damages; from Fulton superior court — Judge Ellis. September 14, 1921.

*Colquitt & Conyers,* for plaintiff in error.

*Etheridge, Sams & Etheridge,* contra.

JENKINS, P. J. The plaintiff, a minor, by next friend sued for damages on account of pain and suffering, and decreased earning

capacity resulting after the age of twenty-one. It is alleged that the injuries arose from the falling of a trolley pole, which was hurled a distance of fifteen or twenty feet from the top of a street-car operated by the defendant, and struck the plaintiff on the head while he was crossing a public street as a pedestrian; and that this blow fractured his skull. from the top of his head down the left side. near the temple for a distance of three or four inches, damaging the dura mater or inner lining of the skull and the brain cells themselves. The main issue contested in the trial related to the nature and permanence of the injuries to the brain and nervous system. It appears from the record that in the first trial of the cause a verdict of $14,000 was found for the plaintiff, and that the judge in the exercise of his discretion then granted a new trial. A verdict for $12,500 was rendered on the next trial, a new trial was refused, and the defendant excepted.

1. The judge, after reading section 2780 of the Civil Code (1910), charged as follows: " This is a disputable presumption; that is to say, this presumption may be rebutted, as the statute declares, by the company making it appear that their agents have exercised all reasonable care and diligence." The court further charged in reference to the statutory presumption; " If he (the plaintiff) proves that he was injured by the operation of any of the cars of the company or machinery of the company connected with the cars, then the law will raise the presumption that the defendant was negligent, and the company may rebut this presumption of negligence, as I have said, by making it appear that their agents have exercised all ordinary and reasonable care and diligence in respect to the matter alleged against it." It is complained in grounds 6 and 7 of the motion for a new trial that the effect of this language was to instruct the jury " that the only way in which the presumption could be rebutted was by proof that the agents of the railway company exercised all reasonable care and diligence, whereas . . . the presumption may be rebutted not only in the manner stated, but also by proof that the injury was. caused by plaintiff's negligence, or was the result of an accident, or was the result of any other cause than the defendant's negligence." These instructions, which merely paraphrased the language of the code, are not susceptible to the criticism stated. While the exceptions recited as matter of fact " that the court nowhere in the

charge instructed the jury that the presumption could be rebutted in any other way than the one set out in the charge quoted," it appears, from the language quoted in ground 8 of the motion for a new trial, that the court did in fact explicitly charge that there could be no recovery if the injury was done with the consent or negligence of the plaintiff, and if in the exercise of ordinary care he could have avoided the consequences of the defendant's negligence. Whether or not any evidence given in the trial could possibly support the theory of accident and render an instruction thereon appropriate, the charge complained of, in the absence of a written request for an instruction on the theory of accident, was not erroneous in failing to state such a theory as defeating the plaintiff's right of recovery. *Ala. Great So. R. Co.* v. *Brown,* 138 *Ga.* 328 (6) (75 S. E. 330). Nor were the instructions subject to the additional attack that they erroneously applied the presumption of the statute not only to the operation of the car, but to its machinery, since the evidence shows that the car as equipped with the trolley pole which occasioned the injury was being operated at the time of the injury, and the language relating to the machinery was therefore not inappropriate. *Smith* v. *Atlantic Coast Line R. Co.,* 5 *Ga. App.* 219, 221 (62 S. E. 1020). See also 5 A. L. R. 1330, 1336, case notes.

2. The following instruction was given to the jury: "Another provision of law is, that no person shall recover damages from a railroad company, or street-railway company, for injury to himself where it is done by his consent or is caused by his own negligence, *and* that in the exercise of ordinary care he could not have avoided the consequences of the defendant's negligence after he knew of it, or in the exercise of ordinary care could have avoided it, or by the exercise of ordinary care could have discovered it." Ground 8 complains of the use of the conjunctive " and " as italicized in the language quoted, on the ground that it imposed a double burden upon the defendant by charging that, to defeat a recovery, it should be made to appear both that the injury was done by the plaintiff's consent or caused by his negligence, *and* that in the exercise of ordinary care he could not have avoided the consequences of the defendant's negligence after he knew of it. If this construction be applied, the inaccuracy of the clause immediately following the italicized " and " was manifestly

prejudicial to the plaintiff rather than to the defendant, since it in effect instructed the jury that the plaintiff could not recover if in the exercise of ordinary care he " could *not* have avoided the consequences of the defendant's negligence after he knew of it." However, this use of the conjunctive " and " as well as the negative " not " appears to have been, as the court at once recognized, a mere verbal slip, because it is immediately and in the same connection followed and modified by the correct statement, " or in the exercise of ordinary care could have avoided it or by the exercise of ordinary care could have discovered it;" the result of which was to remove any prejudicial effect to either party caused by the preceding language.

3. The plaintiff's petition claiming general as well as special damages, and the items of general damage being supported by proof, the court did not err in charging in the language of the code the law of general damages, to which exception is taken in the 9th ground of the motion. *County of Bibb* v. *Ham,* 110 *Ga.* 340, 341 (35 S. E. 656).

4. The following instruction is complained of as being an expression of opinion by the court that any pain of the plaintiff resulted from the defendant's wrongful conduct, and as instructing the jury that the plaintiff could recover damages for pain arising from other than the natural and probable results of the defendant's negligence: " If you believe he is entitled to recover, and entitled to recover for mental pain, or physical pain, or both those inflictions, if they exist, which may have come upon him by reason of the wrongful conduct, if you find the defendant is liable, then say what would be in your conscience a reasonable compensation for them." This charge is not subject to either of the attacks made. Instead of being a statement of opinion, it is expressly guarded and qualified to the contrary. Nor would the words " which may have come upon him," used in avoiding such an expression of opinion, have authorized the jury to find imaginary or remote damages not resulting from the wounds inflicted. Not only were sections 4509 and 4510 of the code given in charge, limiting a recovery to damages naturally resulting from the act complained of, but, immediately following the language to which exception is taken, the court made it clear that the pain and suffering for which a recovery might be had must have resulted from the wound itself.

5. In ground 14 it is complained that nowhere in the charge did the court "instruct the jury that the defendant could avoid a recovery on the part of plaintiff by proof that it exercised ordinary care in connection with the transaction that resulted in plaintiff's injury." It appears from those portions of the charge quoted in grounds 6 and 7 that the court correctly charged the rule of the statute that the presumption arising against the company from the operation of its car or machinery would be "rebutted . . by the company making it appear that their agents have exercised all reasonable care and diligence," and that "the company may rebut this presumption of negligence . . by making it appear that their agents have exercised all ordinary and reasonable care and diligence in respect to the matter alleged against it." In addition to this, what would constitute ordinary care on the part of the defendant, as well as on the part of the plaintiff, was also defined. If a fuller instruction, appropriate to the specific contentions and evidence of the defendant, were desired, a proper written request should have been made.

6. The employer of the plaintiff, in response to a question by plaintiff's counsel as to whether he had noticed anything out of the ordinary in the manifestation of plaintiff's mental condition, testified that, "after concentrating on figures there is a peculiar twitching of the eyes and fingers." Ground 15, excepting to this answer as being "a conclusion of the witness," is without merit, as the witness testified only to objective indications as observed by him. Moreover, on cross-examination the defendant's counsel himself questioned the witness as to these manifestations and elicited the following: "I observe this same situation arises every two or three hours, from two to three times a day; that condition has existed practically throughout his employment with me; it exists now."

7. One of the physicians, testifying for the plaintiff and qualified as an expert, was asked the question whether, in the examination of the plaintiff, made by him before the trial, the plaintiff gave "any evidence of being a malingerer." The answer was in the negative. Ground 16 excepts to this evidence as irrelevant and as a conclusion of the witness. Since the witness had stated all of the objective and subjective symptions found in his examination, there was no error in admitting the answer to this

question, which did not seek a reply as to whether or not the plaintiff was in fact a malingerer, but asked whether the physician found from his examination any indications that the plaintiff was feigning the alleged injuries and symptons. *Perdue* v. *State,* 135 *Ga.* 277 (10) (69 S. E. 184); *Fincher* v. *Davis,* 27 *Ga. App.* 494 (4) (108 S. E. 905).

8. Exception is taken to the exclusion, on plaintiff's objection, of testimony of a physician who was a witness for the defendant, to the effect that the physicians testifying for the plaintiff in the former trial had testified that the x-ray disclosed evidence of callus under the alleged place of skull fracture, and that they had admitted in the present trial that they were incorrect, while he, the witness, was correct. This testimony failed to meet the statutory provisions as to impeachment, and was properly excluded.

9. The remaining assignments of error are without merit. The order of the trial judge denying a new trial states: " This case was tried once before, and a verdict for $14,000 found by the jury for the plaintiff. Motion for new trial was made, and the same was granted on the ground that the evidence was very conflicting and the verdict large. The cause was again tried, and the jury returned the verdict complained of, and the court does not feel authorized to set aside this verdict and grant a new trial on the ground that the verdict was excessive, and is of opinion that no material error was committed." The verdict for $12,500 on this the second trial of the case, being authorized under the expert and non-expert evidence, and having the approval of the trial judge both as to the amount and as to the weight of the evidence supporting it, cannot be set aside by this court as being excessive, or as without evidence to support it.

*Judgment affirmed. Stephens, J., concurs.*