## 33988. HIGHT *v.* STEELY.

DECIDED MAY 9, 1952.

138

*Dan Winn, Charles B. Teal,* for plaintiff.
*Stewart & York,* for defendant.

WORRILL, J. (After stating the foregoing facts.) The record in this case presents for decision the question whether or not the trial judge should have granted a new trial upon the usual general grounds only. This case is an action for malicious prosecution. The facts are substantially the following: Homer Hunt was engaged in the retail jewelry business, and sold a certain ring to the plaintiff in error. The defendant in error was engaged in the operation of a collecting agency. The retention-title contract held by Homer Hunt against the plaintiff in error for the ring was turned over to the defendant in error for collection. At the instance of Homer Hunt, the defendant in error foreclosed the retention-title contract for the recovery of the ring from the plaintiff in error. When the defendant in error and the levying officer went to the home of the plaintiff in error, she informed them that she did not have the property in her possession, and that she had pawned it to Homer Hunt. Then Hunt was called and he came to the home of the plaintiff in error, and thereafter a warrant was served upon the plaintiff in error for disposing of mortgaged property. An accusation was drawn in the City Court of Polk County against the plaintiff in error for disposing of mortgaged property and was nolle

prossed at the July term, 1949, of said court. The facts further show that the defendant in error took these papers to the justice of the peace, obtained a warrant against the plaintiff in error, and went with the bailiff to her home. Upon arriving there he asked her if she had a ring which belonged to Hunt Jewelry Company; and, when she stated that she did not know what they were talking about, he told the bailiff to arrest her on the warrant, and he did. When Homer Hunt came to the home of the plaintiff in error, he assumed the responsibility of allowing her until the following morning to make bond, which she did. The defendant in error claimed that the entire proceedings were left up to Homer Hunt, and that he had nothing further to do with it.

The record shows no evidence of any malice or feelings on the part of the defendant in error towards the plaintiff in error, nor that the defendant in error knew that Homer Hunt had already accepted the property in pawn from the plaintiff in error. The record shows that the defendant in error took no part in the arrest or prosecution of the plaintiff in error; and, after the defendant in error learned that the plaintiff in error did not have the property, all subsequent proceedings were initiated and handled by Homer Hunt.

"A criminal prosecution, maliciously carried on, and without any probable cause, whereby damage ensues to the person prosecuted, shall give him a cause of action." Code, § 105-801. In order to maintain an action for malicious prosecution, all of the following necessary elements must be proven to the satisfaction of the jury: (1) that the offense charged was a criminal prosecution; (2) that the criminal prosecution was carried on maliciously by the defendant; (3) that the criminal prosecution was finally terminated legally in favor of the plaintiff; (4) that the criminal prosecution was carried on by the defendant without any probable cause; and (5) that as a result of the criminal prosecution by the defendant damage ensued to the plaintiff. See *Cary* v. *Highland Bakery,* 50 *Ga. App.* 553 (179 S. E. 197); *Henderson* v. *Francis,* 75 *Ga.* 178 (5). These elements were not proven in this case. "Want of probable cause shall be a question for the jury, under the direction of the court, and shall exist when the circumstances are such as to satisfy a reasonable man that the accuser had no ground for proceeding but his

desire to injure the accused." Code, § 105-802. The burden is on the plaintiff to show a want of probable cause by the defendant in the criminal prosecution. See *Sledge* v. *McLaren*, 29 *Ga.* 64, 65; *Turner* v. *Davison-Paxon-Stokes Co.*, 22 *Ga. App.* 403 (1) (95 S. E. 1001).

"In any case when the verdict of a jury is found contrary to evidence and the principles of justice and equity, the presiding judge may grant a new trial before another jury." Code, § 70-202. This court has strongly held in a long line of decisions that, although the evidence before a trial jury might have authorized a different verdict, where there is enough evidence to support the verdict found, this court will not reverse the judgment of the trial court in refusing a new trial on only general grounds. See *Marcus* v. *State*, 76 *Ga. App.* 581 (1) (46 S. E. 2d, 770); *Scott* v. *Gillis*, 202 *Ga.* 220 (2) (43 S. E. 2d, 95). It is the duty of the court to construe the evidence most strongly in support of a verdict which has been approved by the trial judge. *Brown* v. *Meador*, 83 *Ga.* 406 (9 S. E. 681); *Associated Mutuals* v. *Pope Lumber Co.*, 200 *Ga.* 487, 496 (37 S. E. 2d, 393). "The verdict was authorized by the evidence and has the approval of the trial court. No error of law appearing, it will not be disturbed by this court." *Fowler* v. *State*, 82 *Ga. App.* 197 (4) (60 S. E. 2d, 473).

*Judgment affirmed. Sutton, C.J., and Felton, J., concur.*