38073.   GILSTRAP *v.* GANN *et al.*

Decided May 10, 1960.

*John E. Feagin, Jack Turoff,* for plaintiff in error.

*Reed, Ingram & Flournoy,* contra.

BELL, Judge. In order to maintain an action for malicious prosecution, five elements must be alleged, all of which are necessary for a statement of a cause of action. These are: (1) that the offense charged was a criminal prosecution; (2) that the criminal prosecution was carried on maliciously by the defendant; (3) that the criminal prosecution was finally terminated legally in favor of the plaintiff; (4) that the criminal prosecution was carried on by the defendant without any probable cause; and (5) that as a result of the criminal prosecution damage ensued to the plaintiff. *Hight* v. *Steely,* 86 *Ga. App.* 137, 139 (70 S. E. 2d 886); *Ellis* v. *Knowles,* 90 *Ga. App.* 40, 42 (81 S. E. 2d 884). The only serious contention in this case is whether or not the allegations of the petition show that the criminal prosecution was carried on without any probable cause. If it were carried on without any probable cause, the demurrer should have been overruled. See Code § 105-801. From the facts alleged by the plaintiff, it seems clear that the defendants had no probable cause to bring this criminal prosecution. The petition expressly alleges that the defendant Gann discovered a small amount of trash on private property belonging to him "and found among said trash an old laundry ticket bearing the name of 'Mrs. Jen Gilstrap,' whereupon the defendant Gann contacted the defendant Ledford and called him to the scene." The petition further alleges that the plaintiff in this action was not "Jen Gilstrap," had never been known as Jen Gilstrap, and that her correct name

was Catherine Patricia Gilstrap, and that the only nickname by which she had ever been called was "Pat." Applying then the rudimentary understanding that in the consideration of a petition under attack by general demurrer all properly pleaded allegations must be taken as being true, it cannot be said as a matter of law that this petition shows any probable cause for the criminal warrant issued against Catherine Patricia Gilstrap where the alleged basis for the warrant was founded on the disclaimed name appearing on the old laundry ticket of "Mrs. Jen Gilstrap."

In further consideration of this matter, we are persuaded to the opinion that to extend the scope of the meaning of the term "any probable cause" in a case such as this to include the finding of a small amount of trash, a part of which was an old laundry ticket bearing a person's name, would be to impose a perilous state of affairs on the average citizen. For with such protection, malicious prosecution could be instigated with impunity under such ridiculous circumstances as where trash collectors might carelessly permit some written identification to become disengaged from collected trash to the harassment, embarrassment, and mortification of a completely innocent party. Accordingly, we cannot concede that the appearance of a name on the old laundry ticket under the facts and circumstances as alleged in the petition furnishes any probable cause for the actions taken by the defendants against the plaintiff.

Further, the petition expressly alleges that the defendant Gann discovered a small amount of trash on private property belonging to him "and found among said trash an old laundry ticket bearing the name of 'Mrs. Jen Gilstrap,' whereupon the defendant Gann contacted the defendant Ledford and called him to the scene." Yet the warrant issued against the plaintiff, as alleged in the petition, charges that she dumped trash on a public road in Cobb County in violation of a State statute. While Ga. L. 1945, p. 278, may make it a crime to dump trash on private property without the owner's permission, as well as on public roads, the trash in this case was alleged as having been found on private property, but the plaintiff was charged with placing trash on a public road. Incidents sufficient to constitute probable

cause to charge a person with one crime do not necessarily constitute probable cause sufficient to charge him with a different crime. These allegations, as disclosed in the petition, show a contradictory situation which in turn tends to negate the existence of any probable cause for the actions taken by these defendants against the plaintiff.

The facts as pleaded in the petition having met all of the requirements necessary for the stating of a cause of action for malicious prosecution, it follows that the orders of the trial court in sustaining the general demurrers to the claimant's petition were in error and the orders of the trial court are hereby

*Reversed. Felton, C. J., and Nichols, J., concur.*