39603. ATLANTA VETERANS TRANSPORTATION, INC.
v. CAGLE.

DECIDED SEPTEMBER 5, 1962—REHEARING DENIED
SEPTEMBER 20, 1962.

Hansell, Post, Gardner, Brandon & Dorsey, Jule W. Felton, Jr., for plaintiff in error.

Llop & Long, Nick Long, Jr., contra.

FRANKUM, Judge. ■ The italicized portions of the quoted charge of the court on the measure of damages is complained of as error in special grounds 4, 6 and 7 of the amended motion for new trial on the grounds that such portions confused the jury into believing they had to return a verdict for the plaintiff for pain and suffering regardless of whether or not it was caused by the defendant's negligence, expressed an opinion that plaintiff's pain was related to the collision, amounted to directing a verdict for mental pain and apprehension that the plaintiff would bear a deformed child, assumed as a fact and expressed an opinion that the defendant's negligence caused the plaintiff pain which would continue into the future, and "did not allow the jury the opportunity to find that the pain and suffering, if it did exist at all, was the result of natural causes." The court charged the jury as follows: ". . . [D]amages are given as compensation for the injury done, . . . the only damages for which this plaintiff can recover from the defendant is such damages only as you find by a preponderance of the evidence to have been proximately caused by the alleged collision . . . pain and suffering is the item of damages for which the plaintiff seeks to recover in this case. . . *The defendant, while they do not deny that the plaintiff is entitled to some damages, the defendant*

*does deny that the plaintiff is entitled to damages in the amount which she is claiming.* . . . It is for you to determine . . . the amount of damages to be awarded to the plaintiff for her alleged pain and suffering. *Now the law provides the amount to be allowed for pain and suffering, if you find such in this case, and in this case you must find some amount for the plaintiff, but the law declares that the amount of damages for pain and suffering, there is no standard by which to measure it except the enlightened consciences of fair and impartial jurors.* . . [L]ook to the evidence to determine what sort of injury the plaintiff received, if any, its character as to producing or not producing pain, . . . its probable duration, whether it has ceased or whether it has continued to the present time, whether it may continue into the future . . . if you find that the plaintiff is entitled to recover, [award] just such sum as you think will be fair compensation . . . for such pain and suffering as you find was proximately caused by this alleged collision. . . [*T*]*here may be a recovery for another element of pain and suffering, that is, mental pain and suffering resulting directly from a physical injury. Thus, a pregnant woman who has as a result of another's negligence received a physical injury of such a nature as to produce within her mind a fear and apprehension that she will give birth to a deformed child as a result of the injury may, whether such deformity actually occurs or not, recover damages for the mental suffering resulting from the injury.* . . *Now* . . . *if you find the plaintiff's pain and suffering will continue into the future, the plaintiff is entitled to damages for such future pain and suffering as you find she will endure.* . . [A]s to any award for pain and suffering in the future, if you make an award for pain and suffering which may be endured in the future, . . . the plaintiff is receiving a present cash value for damages which have not yet been sustained. . . [T]he defendant is not responsible for any physical infirmity which you may find the plaintiff has, which was due to causes other than the automobile collision. If you find that the plaintiff has had some pain and discomfort which was attributable to her pregnancy, or to other natural causes, and not to the collision, she could not hold the defendant responsible therefor. . . [T]he plaintiff must

go further and satisfy your minds by a preponderance of the evidence that the automobile collision . . . was the legal or proximate cause of the plaintiff's infirmities, if any. If you find that the plaintiff did in fact have some physical infirmities after the automobile collision which were not the proximate or legal result of the collision, but were due solely to other causes, you would not be authorized to hold the defendant liable in damages therefor. If you find the 'drawing' sensation . . . was not due to the automobile collision, you would not be authorized to award the plaintiff damages therefor. If you find that the plaintiff's back trouble, if any, was not caused by the automobile collision, but was attributable to her pregnancy or other natural causes, the defendant is not liable therefor."

The above language has been quoted fully because it, better than any argument, answers the contentions that the court expressed an opinion as to the extent and duration of the plaintiff's suffering, or directed a verdict in favor of the plaintiff regardless of whether or not her alleged injuries existed and were caused by the defendant's negligence. It is true that, since the defendant admitted liability, the jury was correctly instructed to return a verdict for the plaintiff in some amount, and it is also true that this amount had to represent pain and suffering, which was the only item for which the plaintiff was seeking a recovery.

Specifically, the first statement italicized above is admitted by the defendant to be true, for it admits that the plaintiff was in fact entitled to nominal damages. In this regard the defendant's counsel states in his brief: "Defendant made no admission of liability regarding the plaintiff's alleged pain and suffering except insofar as it related to the collision." The second statement, that the measure of damages for pain and suffering is the enlightened conscience of impartial jurors, is also correct. *Betts Co. v. Hancock,* 139 Ga. 198 (6) (77 SE 77). The fears of a pregnant woman that the injury received by her may affect her child are compensable under this rule. *Pullman Co. v. Strang,* 35 Ga. App. 59 (132 SE 399). Phraseology similar to that used by the court here in charging on future pain and suffering has frequently been held not an expression of opinion. Cf. *Atlanta Coach Co. v. Curtis,* 42 Ga. App. 639 (4) (157 SE 344) ; *Southern*

*R. Co. v. Groover,* 41 Ga. App. 746 (3) (154 SE 706); *Georgia R. &c. Co. v. Howell,* 28 Ga. App. 798 (4) (113 SE 101); *Mayor &c. of Cedartown v. Vann,* 13 Ga. App. 111 (78 SE 829).

"Fragments of the court's charge are not to be isolated and construed by a reviewing court, but that portion of the charge complained of is to be construed with the charge as a whole and in the context in which it was used." *Brewer v. James,* 76 Ga. App. 447, 454 (46 SE2d 267). These assignments of error are without merit.

■ Special ground 5 complains of the answer of a medical witness to a hypothetical question that he considered the scoliosis or abnormal curvature of plaintiff's back a combination of both her pregnancy and the injury, that his impression was she had an injury superimposed on a hormonal loosening of the pelvic region, a natural body function preliminary to labor, and that this "may well have done damage to her spine, damaged by the injury, where ligaments are stretched and pulled." The objection was that the answer "failed to meet the test of reasonable certainty" that the deformity resulted from the injury. Thereafter, on cross-examination, the witness admitted that he could not state "with a reasonable degree of certainty" that the collision caused the abnormality, and again a motion to strike the answer was made and overruled.

The probative value of this testimony, if any, was for the jury. We know of no rule of law which automatically excludes testimony which does not establish a fact to a reasonable certainty. Expert testimony may be rendered inadmissible by failure to lay a proper foundation (*Chandler v. Alabama Power Co.,* 104 Ga. App. 521 (1), 122 SE2d 317), but such objection was not made here. The rule generally is, as stated in *Williams Bros. Grocery Co. v. Blanton,* 105 Ga. App. 314, 318, supra: "[W]hen a qualified expert gives his opinion, the opinion is not subject to be ruled out in its entirety simply because it is also shown, by cross-examination or otherwise, that it is founded on an insufficient factual basis. In such case the jury may consider all the evidence and then give the opinion of the expert such weight and credence as it desires. *State Highway Dept. v. Wells,* 102 Ga. App. 152 (111 SE2d 585); *Southern R. Co. v. Richardson,* 48

Ga. App. 25, 30 (172 SE 79); *Sutton v. State Highway Dept.*, 103 Ga. App. 29 (4) (118 SE2d 285)." This ground of the motion shows no reversible error for any reason assigned.

■ The remaining assignment of error urges that the verdict should be set aside as excessive. "This court has no power to review and set aside the finding of the jury because their verdict is claimed to be excessive, unless it appears that the verdict was due to prejudice or bias, or was influenced by corrupt means." *Atlantic Greyhound Corp. v. Austin,* 72 Ga. App. 289 (3) (33 SE2d 718). See *Code* § 105-2015. Gross mistake or undue bias, unless directly shown, do not appear circumstantially except where there is no other reasonable hypothesis which will explain the amount. *Seaboard Air-Line R. v. Miller,* 5 Ga. App. 402 (1) (63 SE 299). Here the plaintiff's evidence, if believed by the jury, authorized a finding that she suffered severe pain immediately after her injury which continued both before and after the birth of her child and which continued to some extent at the time of the trial. She offered testimony in support of every element of the pain and suffering for which she sued, and received a verdict of an amount slightly less than one third of that sought. This court cannot say that the amount was the result of gross mistake or undue bias.

The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*