### 40015. LOVINGER et al. v. PFEFFER.

BELL, Judge. Benjamin Pfeffer sued Mrs. Pearl Lovinger and Nathan Lovinger separately. The cases were consolidated for trial. Pfeffer's petition alleged that he was arrested under a criminal warrant charging him with malicious mischief in damaging a building leased by his employer from the defendants; that the charges were false, malicious, and without probable cause; that the court of inquiry dismissed the charges; and that he suffered damage from the criminal proceedings. The defendants filed an answer denying all material allegations.

The case was tried and the jury returned a verdict of $9,000 for plaintiff. The defendants filed a motion for new trial on the general grounds, later abandoned, and by amendment added four special grounds. The motion for new trial was overruled by the trial court, and to this judgment defendants excepted. *Held:*

1. In substance plaintiffs in error contend in grounds 1, 2, and 4 that the trial judge erred, without any written request being made, in failing to charge the jury that the burden of proof was on plaintiff to prove that he was *innocent* of the malicious mischief charge, that if the jury found him guilty of malicious mischief it would be the duty of the jury to return a verdict in favor of the defendants in the malicious prosecution proceedings, and that his discharge by the Civil Court of Fulton County did not establish as a matter of law that he was *innocent* of the alleged crime.

The essential elements necessary to maintain an action for malicious prosecution are: (1) that the offense charged was a criminal prosecution; (2) that the criminal prosecution was carried on maliciously by the defendant; (3) that the criminal prosecution was finally legally terminated in favor of the plaintiff; (4) that the criminal prosecution was carried on by the defendant without probable cause; and (5) as a result damages ensued to plaintiff. *Gilstrap v. Gann,* 101 Ga. App. 622 (115 SE2d 226); *Hight v. Steely,* 86 Ga. App. 137 (70 SE2d 886); and see *Code* §§ 105-801—105-806. The trial judge properly charged the jury that plaintiff had the burden of proving all of these elements which are material to his action.

The innocence of the plaintiff is not an essential element to his cause of action. Mere proof, though conclusive, of his innocence would not entitle him to recover damages. He has the heavier burden of persuading the jury that the defendant, as a reasonable man, *did not have probable cause* for bringing the criminal charges against him. *Hartshorn v. Smith,* 104 Ga. 235, 239 (30 SE 666); *Darnell v. Shirley,* 31 Ga. App. 764 (6, 8) (122 SE 252).

By merely denying plaintiff's allegations that the criminal charges were false, the defendants did not shift to the plaintiff the burden of proving his innocence. *Western &c. R. Co. v. Mathis,* 63 Ga. App. 172, 177 (10 SE2d 457). As to the plaintiff, this allegation was surplusage and immaterial to his case. Under the pleadings here, the burden resting on the plaintiff was to prove the essential elements of his case and no more.

While proof of actual guilt of plaintiff is a good defense to an action for malicious prosecution of a criminal proceeding, the burden of proving the actual guilt of the plaintiff necessarily

rests upon the defendant. This burden of the defendant may not be relieved or perverted by stating in reverse that the plaintiff has the burden of proving his innocence. It would have been erroneous for the trial judge to have charged that the burden of proving his innocence was on the plaintiff, and he correctly refrained from doing so.

When viewed as a whole, the charge of the trial court was full and complete. If the defendant had wished more detailed instructions on a point in the case, it would have been necessary for him to have submitted to the judge the request so to charge. *Code* § 81-1101; *Hester v. Muscogee Motor Co.*, 184 Ga. 49 (4) (190 SE 591); *Lewis v. Duggan*, 85 Ga. App. 733 (3) (70 SE2d 66).

There is no merit in special grounds 1, 2, and 4 of the motion for new trial.

2. Ground 3 urges that the jury's award of $9,000 damages should be set aside as excessive. "This court has no power to review and set aside the finding of the jury because their verdict is claimed to be excessive, unless it appears that the verdict was due to prejudice or bias, or was influenced by corrupt means." *Atlantic Greyhound Corp. v. Austin*, 72 Ga. App. 289 (3) (33 SE2d 718); *Atlanta Veterans Transportation, Inc. v. Cagle*, 106 Ga. App. 551 (127 SE2d 702). Under *Code* § 105-808, in malicious prosecution proceedings "The recovery shall not be confined to actual damage sustained by the accused, but shall be regulated by the circumstances of each case."

This court cannot say that the verdict was the result of any of the disqualifying factors outlined in the authorities cited.

The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Carlisle, P. J., and Hall., J., concur.*

DECIDED APRIL 16, 1963.

*Greer, Hall & Morris, William Hall*, for plaintiffs in error.
*Irving K. Kaler*, contra.