42826.   KIRKMAN v. MILLER et al.

JOSLIN, Judge.   1.   Although good practice would call for enumerating as error the inadequacy of a jury's verdict for damages, under the Appellate Practice Act of 1965, as amended (*Code Ann.* §§ 6-701, 6-702, 6-810 and 6-1201), the question of inadequacy is sufficiently raised for consideration by this court where the overruling of the general grounds of a motion for a new trial is enumerated as error, and the question of the inadequacy of the verdict is presented and argued in the briefs.   See *Wall v. Rhodes,* 112 Ga. App. 572 (1) (145 SE2d 756).

2. The plaintiff recovered a verdict and judgment for $2,000, as the result of an automobile accident, and this is argued as so inadequate as to call for a new trial. The record shows that much of the evidence of damages was couched in uncertain terms such as: "would run around $110.00 a week"; "approximately"; "some weeks it would run more than that and some weeks it would be little less than that"; "well, as much as I can figure, it is pretty close to what he told me.   I mean very . . .   $110 a week."   Although the damages were low, they were not, under the evidence, subject to exact calculation and were not so inadequate as to be manifestly the result of gross mistake or undue bias and prejudice.   *Code* § 105-2015; *Strickland v. English,* 115 Ga. App. 384 (4) (154 SE2d 710); *Stynchcombe v. Gooding Amusement Co.,* 110 Ga. App. 864 (1) (140 SE2d 232); *Price v. Whitley Constr. Co.,* 91 Ga. App. 257, 266 (85 SE2d 528); *Beecher v. Farley,* 104 Ga. App. 785 (1) (123 SE2d 184).

3. Although testimony concerning benefits received by the plaintiff under workmen's compensation was erroneously allowed over counsel's objection (see *Hotel Equip. Co. v. Liddell,* 32 Ga. App. 590 (124 SE 92), and *Gay v. Greene,* 91 Ga. App. 78 (84 SE2d 847)), the prejudicial effect of this testimony was sufficiently alleviated by plaintiff testifying on re-direct that he was under a duty to reimburse the amount received, and further by the instructions to the jury, unobjected to, in regard to the rights of the insurance company on money paid pursuant to compensation benefit claims, so that there was no reversible error in that regard.

4. As the plaintiff did not complain of the instructions given the jury before the jury returned its verdict (*Code Ann.*

§ 70-207 (a)), and the charges were not substantially in error so as to be harmful to the plaintiff as a matter of law (*Code Ann.* § 70-207 (c)), these alleged errors present no question for review. *Saint v. Ryan,* 114 Ga. App. 489 (2) (151 SE2d 826).

Judgment affirmed. *Bell, P. J., and Pannell, J., concur.*

ARGUED JUNE 12, 1967—DECIDED JUNE 27, 1967.

*E. T. Hendon, Jr.,* for appellant.

*Greene, Buckley, DeRieux, Moore & Jones, Burt DeRieux, Edgar A. Neely, III, James A. Eichelberger,* for appellees.