## 48598. DRAKE v. SHURBUTT et al.

EBERHARDT, Presiding Judge. Emily Drake filed her complaint against Gloria and James Shurbutt for damages arising from an automobile collision, alleging that she suffered personal injuries and property damage as the result of the negligence of Gloria Shurbutt while operating the automobile of James Shurbutt, her father. The jury returned a verdict for plaintiff in the sum of $2,500, judgment followed, and she appeals. *Held:*

1. Dr. Atwater, one of plaintiff's treating physicians and qualified by her as an expert, testified on cross examination as follows: "Q. Doctor, I believe there is one report in there, in your file, which would indicate that her problems would most likely clear if and when her liability case is brought to a conclusion, is that right? A. Partially. I expressed an opinion to someone, I believe Dr. Satcher, that I had advised her to get this thing behind her because of this age old problem where litigation is pending, and I don't think it is an intentional thing on the part of many patients, but their aches and pains continue many times until litigation is finally settled, and then after that is settled you really sometimes know how much is functional and how much is organic in nature. And I believe that was the concept I had when I made such a statement." Objection was made by plaintiff to this question and answer, and it was insisted that this testimony consisted of conclusions and went beyond the realm of expert testimony.

However, a review of the questioning of Dr. Atwater reveals that he was giving his opinion as to plaintiff's condition and the

factors he felt to be relevant thereto. His response was properly admitted since his opinion was based upon his personal observation and examination of his patient and was within the realm of permissible expert medical testimony pursuant to Code § 38-1710. Cf. *Lester v. S. J. Alexander, Inc.,* 127 Ga. App. 470, 472 (193 SE2d 860); *General Gas Corp. v. Whitner,* 110 Ga. App. 878 (4) (140 SE2d 227).

2. Error is enumerated on a portion of the charge to the jury. However, it does not appear from the record that objection was made at the trial, and we find no substantial error harmful as a matter of law. Code Ann. § 70-207.

3. Plaintiff, pointing out that there was evidence of special damages totalling $2,413.41, contends that the verdict of $2,500 allowed only $86.59 for pain and suffering and is so inadequate that we should set it aside. However, the amount of damages was in controversy, and there is no merit in this contention. Code § 105-2015, *Kirkman v. Miller,* 116 Ga. App. 78 (2) (156 SE2d 558); *Pierson v. M & M Bus Co.,* 74 Ga. App. 537 (1) (40 SE2d 561); *Price v. Whitley Const. Co.,* 91 Ga. App. 257 (85 SE2d 528); *Welsh v. Fowler,* 124 Ga. App. 369, 373 (183 SE2d 574); *Maloy v. Dixon,* 127 Ga. App. 151, 164 (6) (193 SE2d 19) and cits.

*Judgment affirmed. Pannell and Stolz, JJ., concur.*

SUBMITTED SEPTEMBER 6, 1973 — DECIDED SEPTEMBER 27, 1973.

*James M. McDaniel,* for appellant.
*Neely, Freeman & Hawkins, J. Bruce Welch,* for appellees.