## 55598. WILDSTEIN v. GRAY.

SMITH, Judge.

Appellant sued for injuries allegedly sustained as a result of an automobile collision. From the denial of his motion for new trial after judgment was entered in his favor appellant appeals contending the court erroneously charged the jury and admitted evidence objectionable as irrelevant and "not the best evidence." We find appellant's contentions meritless and affirm the trial court's denial of his motion.

1. The court charged, *"[T]he burden is upon the plaintiff to establish by a preponderance of the evidence* just which of Dr. Wildstein's damages and injuries or ailments resulted from the negligence, if any, of the defendant, Gordon Gray, and *which of his damages and injuries or ailments were caused by some source other than the negligence of the defendant, Gordon Gray, if any."* (Emphasis supplied.) Appellant alleges the emphasized portion was erroneously given. We note that the court also instructed, just preceding that portion of the charge quoted above, "If you find that the plaintiff is entitled to recover under the instructions given you, he would be entitled to recover damages directly and proximately resulting from the negligence of the defendant, Gordon Gray, and would not be entitled to recover damages for injuries or ailments that Dr. Wildstein experienced from any mental or physical condition existing prior to such negligence, if any, of defendant, Gordon Gray, which was not aggravated by defendant, Gordon Gray, nor would the plaintiff be entitled to recover damages from defendant, Gordon Gray, for any injuries or ailments that Dr. Wildstein may have experienced subsequent to said alleged negligence of defendant, Gordon Gray, but which were not connected with or aggravated by or resulting from the negligence of the defendant." The evidence indicated that at least some of appellant's alleged injuries did not ensue from the collision. Taking into consideration those portions of the charge quoted above and the charge as a whole, we find no harmful error. Of particular import is the fact that evidence proving which of the alleged injuries resulted from the accident would ipso facto prove which did not, the latter which necessarily would have resulted from a source other than appellee's negligence.

2. Other evidence contradicted the appellant's testimony as to the cause and extent of his alleged injuries. Whether appellant was feigning injury was a relevant query, and expert testimony relative thereto was properly admitted over a relevancy objection. *Drake v. Shurbutt,* 129 Ga. App. 754 (201 SE2d 184) (1973) and cits.; *Georgia R. &c. Co. v. Howell,* 28 Ga. App. 798 (10) (113 SE 101) (1922).

3. Appellant contends the court erroneously admitted testimony subject to a best evidence objection. We find no error, as the contents of a writing were not in issue insofar as that testimony was concerned. "Where the existence of a fact is the question at issue and not the contents of a writing, then oral and written evidence of the fact may both be primary evidence." *Willingham v. State,* 134 Ga. App. 603, 606 (215 SE2d 521) (1975).

4. Appellant asserts that the court's admission of a written statement prepared by a deposed witness was erroneous as it was violative of the alleged rule of law "that where the preparer of a document is in court and/or testifies, . . . his testimony is the highest and best evidence and not some report or document prepared by such witness." There is no such law; rather, to the contrary, the law is: "That the person making a written statement is in court does not render the written statement made by him inadmissible." *Creel v. State,* 216 Ga. 233, 235 (115 SE2d 552) (1960).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

ARGUED APRIL 3, 1978 — DECIDED
JUNE 15, 1978.

*N. Forrest Montet,* for appellant.
*Powell, Goldstein, Frazer & Murphy, Eugene G. Partain, Morris Weinberg, Jr.,* for appellee.