## 56200. COTHERN v. HAYGOOD.

SHULMAN, Judge.

John W. Cothern, individually and as next friend of his daughter, brought suit to recover damages resulting from a collision between the car driven by defendant and the motorcycle operated by plaintiff's daughter. The father, being dissatisfied with the amount of the verdict in favor of his daughter, brings this appeal in his capacity as next friend. We reverse.

1. "[T]he question of inadequacy is sufficiently raised for consideration by this court where the overruling of the general grounds of a motion for new trial is enumerated as error, and the question of the inadequacy of the verdict is presented and argued in the briefs. [Cit.]" *Kirkman v. Miller,* 116 Ga. App. 78 (1) (156 SE2d 558).

2. The jury returned a verdict in favor of the father for $2,352.40, the full amount of medical expenses sought. The jury also awarded $1 to the minor plaintiff. It is contended that the verdict in favor of plaintiff's child is so grossly inadequate as to justify the inference of gross mistake, undue bias, and prejudice on the part of the jury. See Code Ann. § 105-2015. We agree.

There is some indication of permanent impairment to the plaintiff's child. The evidence shows that as a result of the collision, plaintiff's daughter sustained an open fracture of the right lower leg, which required a cast for approximately 10 weeks, that her injured leg was shorter than her other leg, that corrective shoes would be necessary to prevent her from limping, and that the degree of permanent disability to her lower right extremity was about 15 percent.

"The jury by its verdict has found that the defendant is legally liable to the plaintiff in tort, and since this has been established, the diminutive damages awarded justify the inference of gross mistake or undue bias within the meaning of Code § 105-2015." *Brewer v. Gittings,* 102 Ga. App. 367, 369 (116 SE2d 500).

This being so, the trial court erred in denying the motion for new trial. Id.

*Judgment reversed. Bell, C. J., and Birdsong, J., concur.*

SUBMITTED JUNE 27, 1978 — DECIDED SEPTEMBER 12, 1978.

*Kenneth R. Chance, Jim Blanchard, Jr.,* for appellant.

*Calhoun & Kernaghan, William C. Calhoun,* for appellee.