60538. DEPARTMENT OF TRANSPORTATION v. DELTA MACHINE PRODUCTS COMPANY et al.

BIRDSONG, Judge.

Condemnation. Delta Machine Products Co. was the owner of a three-acre tract with 237-foot frontage along Hurricane Shoals Road. Hurricane Shoals Road was a paved, blacktop road leading into nearby Lawrenceville. The Department of Transportation (DOT), as condemnor, condemned a right-of-way for an extension of High-

way 316, or the Lawrenceville by-pass. The right-of-way resulted in the taking of 1.69 acres of Delta's acreage, including all of Hurricane Shoals Road and Delta's 237 foot frontage. The by-pass was designed as a limited access road; thus Delta lost all access to its property and business activities through the established access along the right-of-way of Hurricane Shoals Road. Delta had constructed its machine shops and other buildings at the rear of the three acres, at the opposite end from the right-of-way along Hurricane Shoals Road. Delta had built a graded, gravel driveway of some length from Hurricane Shoals Road to its business buildings at the rear of the property, and had installed a water pipe to its buildings. The taking of the right-of-way destroyed the utility of the driveway and cut the source of water. To restore access to Delta's business, as well as to restore access to other businesses along Hurricane Shoals Road, the county agreed to grade a "new" Hurricane Shoals Road which would run along the rear of Delta's property. This new road was graded but as of the date of trial had not been paved and proved to be very dusty in dry weather and muddy in wet weather. In addition, Delta had to incur a $1,965 expense in establishing a new driveway from "new" Hurricane Shoals Road to its business shops and incurred a new water expense. It was estimated that the value of the old driveway was $1,400. The president of Delta testified that because of the new, more circuitous, and less desirable route to its business premises, many of its customers went to a new machine shop whose location was easier to approach. The owner of Delta testified that the denial of easy access to Delta by "old" Hurricane Shoals Road, plus the more inconvenient, and less desirable route had resulted in a loss of 60% of Delta's business. He opined that the decline in business probably would continue until the county completed the promised paving of "new" Hurricane Shoals Road. Based upon the estimate of DOT's appraiser, DOT paid into the registry of the court $9,400 as the reasonable market value of the 1.69 acres condemned. Delta, being dissatisfied, demanded a jury trial upon the value of the property taken. The jury returned a verdict of $32,210. This was made the judgment of the trial court. DOT brings this appeal, enumerating nine asserted errors. *Held:*

1. In the first two enumerations of error which we here consider, DOT argues that the trial court erred in allowing evidence by Delta concerning loss of business and inconvenience caused by a circuitous route, and the temporary inconvenience resulting from the mud and dust incident to the construction of the by-pass and "new" Hurricane Shoals Road. Associated with this evidence, DOT objected to the failure of the trial court to give a requested charge on the law of "temporary inconvenience."

We find no error either in the admission of the evidence or the failure to give the related charge. Delta did not offer the evidence to reflect that it had been temporarily inconvenienced. Delta offered evidence to show that the difficulty of approach caused by the new route and the dust and mud were of long standing and was a result of building the "new" Hurricane Shoals Road and not solely of the construction of the Lawrenceville by-pass. There was no firm indication as to how long the condition would last and thus the condition was more than a mere temporary inconvenience. As a result of the changed circumstances, Delta had lost customers and business.

The evidence as to the loss of the entire 237 feet of frontage, the new and circuitous route to the business, and the distress to customers caused by driving over the gravel road all contributed to loss of business and was admissible to reflect how the condemnation had adversely affected Delta's business. As such, the evidence had probative value and was admissible for consideration by the jury. *Williams v. State Hwy. Dept.,* 124 Ga. App. 645, 647 (2) (185 SE2d 616). Questions of relevancy of evidence are for the court. *Hotchkiss v. Newton,* 10 Ga. 560. When facts are such that the jury, if permitted to hear them, may or may not make an inference pertinent to the issue, according to the view they may take of them, in connection with the other facts in evidence, they are such that the jury ought to be permitted to hear them. *Walker v. Roberts,* 20 Ga. 15 (1); *Brown v. Wilson,* 55 Ga. App. 262 (1) (189 SE 860).

As to the requested charge on temporary inconvenience, as previously indicated hereinabove, the evidence was offered and admitted to show more than mere temporary inconvenience. The court does not err when it refuses a requested charge, even though technically correct, which does not embrace facts pertinent to the issues and thus is not adjusted to the facts of the case. *SCM Corp. v. Thermo Structural Products,* 153 Ga. App. 372, 379 (7a) (265 SE2d 598). See *Griffin Grocery Co. v. Reeves,* 127 Ga. 669 (56 SE 751); *Roberson v. Hart,* 148 Ga. App. 343, 345 (251 SE2d 173). There is no merit in either of these enumerations.

2. In the next two enumerations, DOT complains that the trial court erred in allowing evidence of business losses because Delta continued to do business at the same location and that the evidence of loss was conjectural and speculative without any showing that the losses were caused by the construction of the new roads. We find no error to DOT in the admission of that evidence. The president of Delta testified from business records as to the actual, exact losses and gave reasons why he thought that Delta had lost the business. The trial court allowed this evidence only for the limited purpose of

casting such light as it might upon what effect the loss of business might have had as consequential damage on the market value of the remaining 1.4 acres left to Delta. Any evidence is relevant which logically tends to prove or to disprove any material fact which is at issue in the case, and every act or circumstance serving to elucidate or throw light upon a material issue or issues is relevant. *Allen v. State,* 137 Ga. App. 755, 756 (224 SE2d 834). It is the accepted rule in this state that where the relevancy or competence of evidence is doubtful, it should be admitted and its weight left to the determination of the jury under appropriate instruction. *Lovejoy v. Tidwell,* 212 Ga. 750, 751 (95 SE2d 784); *Guy v. State,* 138 Ga. App. 11, 13 (225 SE2d 492). The cases cited by DOT are inapposite for they tend to consider business losses as separate damages, whereas the evidence in this case was admitted only as it might affect the remaining property's value.

3. The next two enumerations deal with the admission into evidence of a summary of profits and losses which had been testified to by Delta's president and two sketches of the condemned property which allegedly contained schematic set-backs that were not required by the zoning laws or ordinances dealing with set-backs involved in condemned property. We are not persuaded by these arguments. The summary of business losses was extracted from voluminous records which themselves were prepared in the regular course of business. The sketches were prepared by the condemnee's appraiser to assist him and the jury in understanding what factors affected his appraisal. It has long been the accepted rule in Georgia that when the pertinent and essential facts can be ascertained only by an examination of a large number or voluminous entries in books of account or business records, an auditor or another familiar with the records who has made an examination and analysis of the books and figures may testify as a witness and give summarized statements of what the books show as a result of his investigation. *Bitting v. State,* 165 Ga. 55 (3) (139 SE 877). Furthermore, there is no rule that where the preparer of a document is in court his testimony is the best evidence and not the document; the rule is that the preparer's presence does not render the document inadmissible. *Creal v. State,* 216 Ga. 233, 235 (115 SE2d 552); *Wildstein v. Gray,* 146 Ga. App. 222, 224 (4) (246 SE2d 130). There is no validity to the argument that simply because the witness had already testified to the figures or the sketches, this denied the actual documents any probative value which could enlighten the jury or would otherwise give undue emphasis to the testimony. The trial court may properly exercise his discretion in admitting what in effect is explanatory evidence and at worst is cumulative. If evidence is admissible for a lawful purpose, its admission will not constitute cause for a new trial. *Davis v. State,* 153

Ga. 669 (113 SE 11); *Veasley v. State,* 142 Ga. App. 863 (2) (237 SE2d 464). Moreover, while there was evidence adduced that county ordinances provided that lot area would not be reduced when a portion of a lot is acquired for a public purpose, it is not clear whether this applied to commercial property. The condemnee's expert testified that he had made inquiry of the county and had been informed that a 50-foot set-back would be required and that based upon this official representation, this information had been incorporated into the appraiser's calculations. There is no merit in these enumerations.

4. In enumerations of error 7 and 8, DOT argues that the trial court erred in its charge on consequential damages. The essence of the complaint is the trial court did not charge the jury that in determining consequential damages, the jury must assume the completion of the improvements in determining fair market value of the remaining property. The related enumeration is that the trial court did not give a requested charge that incorporated the appropriate language.

We find these enumerations also without merit. In its charge the trial court charged the jury: "Now, you are required to assume that the improvements made by the condemnor will be made and maintained in a prudent and proper manner. Any damage that may result from its failure to do this, forms no part of this condemnation proceeding." As the requested instruction was covered by the charge given, the court's failure to instruct the jury in the exact language and sequence requested, even if such request was perfect, does not constitute reversible error. *Pollard v. State,* 236 Ga. 587 (3) (224 SE2d 420); *Atlanta &c. Co. v. Armstrong,* 138 Ga. App. 577, 581 (227 SE2d 71).

5. In its last enumeration of error, DOT complains that the trial court erred in refusing to strike the testimony of one of appellee's appraisers. The basis of the objection was that the appraiser had recited eleven comparable sales as the basis for his opinion. On cross examination it was shown that some of the sales were sales to Gwinnett County (i.e., possible coerced sales) and some were commercial sales. The trial court struck the testimony of those sales and instructed the jury it could not consider those as comparables. However, the witness testified that in arriving at his opinion of value, he had considered the difference in the types of sales and placed less weight on those sales which were different from the voluntary sales of the same category of property as the condemnee's property. He identified as comparable five or six sales that did not suffer from the lack of comparability. His opinion in court was the same even when only the actual comparables were considered. The jury was aware of

the difference between the sales and heard competent evidence of comparable sales as a basis for the appraiser's opinion as to market value. If the noncomparable sales were originally a part of the basis for the opinion of the expert, the jury was instructed to disregard that evidence. What remained was competent and testimonially was proclaimed by the expert as the basis for the expert's opinion. We believe it is proper and necessary that trial judges be vested with substantial latitude in the admissibility of evidence in these circumstances. In light of the curative charge and limitation placed upon the testimony of the witness, we find no error in the refusal of the trial court to strike even the pared down testimony of the expert. See *Ludwig v. J. J. Newberry Co.,* 78 Ga. App. 871 (2) (52 SE2d 485). Likewise we find no merit in the argument that because the opinion of this expert as to market value was the highest of all the experts and the verdict of the jury even exceeded the figure placed thereon by the witness, this manifestly discloses prejudice to DOT. Evidence in the transcript actually showed the appraiser's valuation was $29,399 but such value did not include the cost of the new driveway which was $1,965. If the value of the property as testified to by this appraiser is added to the cost of the new driveway, one arrives at a total figure of $31,364, a difference from the jury's verdict of only $846. Market value is a matter of opinion, and may be established by direct as well as circumstantial evidence. It is peculiarly a matter for the jury, and the jury is not absolutely bound even by uncontradicted testimony of experts, but may consider the nature of the property involved, together with any other fact or circumstance properly within the knowledge of the jury which tends to establish the value of the property, and may arrive at a different figure than that of the experts, higher or lower, where the verdict reached is not so disparate as to justify an inference of gross mistake or undue bias. *DOT v. Driggers,* 150 Ga. App. 270, 274 (257 SE2d 294). Our examination reflects that considering the probative and admissible evidence of the experts, the loss in value attributable to the drop in volume of business, the loss of water pipe and the loss of a driveway together with the cost of a new drive, when cumulatively considered, established that the verdict of the jury was well within the range of the evidence, was not disparate and did not reflect gross mistake or undue bias. We find no merit in this enumeration.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 10, 1981 —

*Arthur K. Bolton, Attorney General, William C. Joy, Michael E. Hobbs, Assistant Attorneys General,* for appellant.
*William G. Tanner,* for appellees.