Sandra BLACKFORD, Plaintiff–Appellee,

v.

**WAL–MART STORES, INC., Defendant–Appellant.**

No. 93–8443
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

March 30, 1994.

Johnny Andrew Foster, Morton G. Forbes, Forbes and Bowman, Savannah, GA, for defendant-appellant.

Wallace M. Brogdon, Jr., Franklin, Taulbee, Rushing, Bunce & Brogdon, Statesboro, GA, for plaintiff-appellee.

Before KRAVITCH and BIRCH, Circuit Judges, and GODBOLD, Senior Circuit Judge.

PER CURIAM:

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF GEORGIA PURSUANT TO O.C.G.A. § 15–2–9 (1985).
TO THE SUPREME COURT OF GEORGIA AND ITS HONORABLE JUSTICES.

It appears to the United States Court of Appeals for the Eleventh Circuit that this case involves an unanswered question of Georgia law that is determinative of this cause of action. We therefore certify the question for resolution by the Supreme Court of Georgia.

Plaintiff purchased merchandise from Wal–Mart and paid with a personal check. The check was returned for insufficient funds.

Wal–Mart swore out a warrant charging plaintiff with criminal issuance of a bad check, O.C.G.A. § 16–9–20. It is disputed whether and when plaintiff made restitution.

Plaintiff was arrested and subsequently the charge was dismissed by the court on motion of the plaintiff. She sued Wal–Mart for malicious prosecution, O.C.G.A. § 51–7–40.

Wal–Mart contended that it was entitled to offer evidence that plaintiff was in fact guilty of the offense with which she had been charged and that such guilt in fact, if proved, was a bar to plaintiff's suit. The court declined to permit evidence of guilt in fact, holding that under Georgia law the sole issue was whether circumstances created in the mind of the defendant a reasonable belief that there was probable cause for the prosecution. Further it held that if it had been judicially determined that plaintiff was criminally guilty she would be barred from suing for malicious prosecution, but that she was not barred in this instance because the charges against her had been dismissed.

The jury returned a verdict for plaintiff for substantial damages.

The sole issue presented to this court on appeal is whether, under Georgia law, in a suit alleging malicious prosecution of a criminal bad check charge that was dismissed by the court without trial, evidence is admissible that tends to show the plaintiff was in fact guilty of the bad check offense with which she was charged and, if guilt in fact is proved, is this a bar to plaintiff's suit? Resolution of this issue will determine whether the judgment of the district court should be affirmed or reversed.

It appears that the Georgia law on this question is unsettled. *See, e.g., Munford, Inc., v. Anglin,* 174 Ga.App. 290, 329 S.E.2d 526 (1985); *Melton v. LaCalamito,* 158 Ga. App. 820, 282 S.E.2d 393 (1981); *Monroe v. Sigler,* 256 Ga. 759, 353 S.E.2d 23 (1987); all to the effect that the issue is reasonable belief of guilt of the offense.

*But compare:* "[A] prosecution instituted without probable cause cannot be justified by anything, short of guilt in fact, which comes to the knowledge of the defendant later." *Melton v. LaCalamito,* 282 S.E.2d at 397. *Also see Lovinger v. Pfeffer,* 107 Ga.App. 636, 131 S.E.2d 137, 139 (1963): "While proof of actual guilt of plaintiff is a good defense to an action for malicious prosecution of a crimi-

nal proceeding, the burden of proving the actual guilt of the plaintiff necessarily rests upon the defendant."

*See also:* Restatement (Second) of Torts § 657 and comments thereto, and *Prosser and Keeton on the Law of Torts,* § 119 (5th Ed.1984), stating that guilt in fact is a defense.

We therefore certify to the Supreme Court of Georgia the following question:

In a suit alleging malicious prosecution of a criminal bad check charge that was dismissed by the court without trial, is evidence admissible that tends to prove plaintiff's guilt in fact of the offense and, if so proved, is guilt a bar to the malicious prosecution suit?

We do not intend the particular phrasing of the question to limit the Supreme Court of Georgia in its consideration of the problem presented by the case. To assist in consideration of the question, the entire record, along with the parties' briefs, shall be transmitted to the Supreme Court of Georgia.

IT IS SO ORDERED.